UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JOSEPH ROBERTSON, ET AL** | * | **CIVIL ACTION** |
| **PLAINTIFFS** | * | **NO.** |
| vs. | * | **SECTION:** |
| **CHEVRON USA, INC., et al** | * | **MAGISTRATE** |
| **DEFENDANTS** | * | |

*********************************************

### NOTICE OF REMOVAL

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA
United States Courthouse
New Orleans, Louisiana

NOW INTO COURT, through undersigned counsel comes Petitioner, Joseph F. Grefer, defendant in this matter, who files this notice of removal pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453 and removes this case to federal court based upon the Class Action Fairness Act of 2005 and the commencement of a new mass action through the filing of Plaintiffs' Petition for Damages ("Petition") and First Supplemental and Amending Petition for Damages ("Supplemental Petition"). In support of this Notice of Removal, Petitioner states as follows:

1

**Plaintiffs' State Court Allegations**

1.

The Plaintiffs filed a Petition for Damages on February 5, 2015 in Civil District Court for the Parish of Orleans, State of Louisiana, bearing the caption *Joseph Robertson, Larry Hankton, Sharvonne Johnson, Tommie Jones, Wensanner King, et al v. Chevron USA, Inc., et al*, Civil Action No. 15-1054, Division "M-13." The Petition asserts claims by 158 plaintiffs, and the Supplemental Petition asserts claims by an additional 33 plaintiffs, who allege claims arising from their alleged exposure to naturally occurring radioactive materials ("NORM") as part of oil and gas operations by various oil company defendants and pipe contractor defendants. Plaintiffs also included claims against landowners who leased property to the pipe contractor defendants. *See* Petition. The Petition and Supplemental Petition are attached as Exhibit "A."

2.

Plaintiffs are individuals who "all live in or formerly lived in, and/or work or formerly worked in, and/or own or formally owned real property in Harvey, Parish of Jefferson, State of Louisiana, in and around that area of Harvey that is bounded by Peters Road, Sixteenth Street, Pailet Avenue, and Breaux Avenue." (Exhibit A). Plaintiffs seek monetary relief for personal injury and property damages. Plaintiffs also seek punitive damages. (Exhibit A).

3.

Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is filed timely within thirty (30) days of the February 19, 2015 service of Joseph F. Grefer of the Petition and Supplemental Petition. (Exhibit B). The Petition and Supplemental Petition commence a "mass action" under 28 U.S.C. § 1332(d)(11).

**Removal Under the Class Action Fairness Act**

4.

This removal is brought under the "mass action" provision of the Class Action Fairness Act of 2005. *See* 28 U.S.C. §§ 1332, 1441, 1446, 1453. The Petition states a total number of plaintiffs seeking monetary relief above 100 to qualify as a mass action under § 1332 (d)(11). Plaintiffs have alleged common legal and factual issues and sought a joint trial. A review of Plaintiffs' petition and amendment thereto reveals that Plaintiffs joined the claims of 191 individual plaintiffs together in one cause and under one case caption in the Civil District Court for the Parish of Orleans. Accordingly, removal is permitted under the Class Action Fairness Act.

5.

At the time of filing Plaintiffs' original petition, none of the named 19 oil company defendants were citizens of Louisiana.

6.

At the time of filing Plaintiffs' original petition, defendant Chevron U.S.A. Inc. was and is now a Pennsylvania corporation with its principal place of business in the State of California.

7.

At the time of filing Plaintiffs' original petition, defendant BP Exploration & Oil, Inc. was and is now an Ohio corporation with its principal place of business in the State of Illinois.

8.

At the time of filing Plaintiffs' original petition, defendant ConocoPhilips Company was and is now a Delaware corporation with its principal place of business in the State of Texas.

9.

At the time of filing Plaintiffs' original petition, defendant Exxon Mobil Corporation was and is now a New Jersey corporation with its principal place of business in the State of Texas.

10.

At the time of filing Plaintiffs' original petition, defendant Anadarko US Offshore Corporation was and is now a Delaware corporation with its principal place of business in the State of Texas.

11.

At the time of filing Plaintiffs' original petition, defendant Marathon Oil Company was and is now an Ohio corporation with its principal place of business in the State of Texas.

12.

At the time of filing Plaintiffs' original petition, defendant Mobil Exploration & Producing U.S. Inc. was and is now a Delaware corporation with its principal place of business in the State of Texas.

13.

At the time of filing Plaintiffs' original petition, according to the Louisiana Secretary of State, defendant Sexton Oil & Mineral Corporation was inactive having withdrawn its registration in Louisiana in 1989. Previously, it was a Texas corporation with its principal place of business in the State of Texas.

14.

At the time of filing Plaintiffs' original petition, defendant Shell Offshore, Inc. was and is now a Delaware corporation with its principal place of business in the State of Texas.

15.

At the time of filing Plaintiffs' original petition, defendant Shell Oil Company was and is now a Delaware corporation with its principal place of business in the State of Texas.

16.

At the time of filing Plaintiffs' original petition, defendant SWEPI, LP was and is now a Delaware Partnership with its principal place of business in the State of Texas.

17.

At the time of filing Plaintiffs' original petition, defendant The Texas Company, previously Texaco, Inc., was and is now a Maryland corporation with its principal place of business in the State of Texas.

18.

At the time of filing Plaintiffs' original petition, defendant The Tubular Corporation's authority to transact business in Louisiana had been revoked since 1990.

19.

At the time of filing Plaintiffs' original petition, defendant John Gandy, Inc. was not registered with the Louisiana Secretary of State to do business in Louisiana.

20.

At the time of filing Plaintiffs' original petition, Exchange Oil & Gas Corporation's authority to transact business in Louisiana had been withdrawn since 1987.

21.

At the time of filing Plaintiffs' original petition, defendant Amoco Production Company, n/k/a BP America Production Company was and is now a Delaware corporation with its principal place of business in the State of Texas.

22.

At the time of filing Plaintiffs' original petition, defendant Areo Oil and Gas Company was not registered with the Louisiana Secretary of State to do business in Louisiana.

23.

At the time of filing Plaintiffs' original petition, defendant L.B. Foster Company was and is now a Pennsylvania corporation with its principal place of business in the State of Pennsylvania.

24.

At the time of filing Plaintiffs' original petition, defendant 51 Oil Company was not registered to conduct business in Louisiana.

25.

Upon information and belief at least one Plaintiff is a citizen of Louisiana. *See* Original Petition for Damages at ¶ 5.A, attached hereto as Exhibit A. Based on the foregoing, there is minimal diversity of citizenship between plaintiffs and defendants, as defined under the Class Action Fairness Act at 28 U.S.C. § 1453(b) and § 1332.

26.

The local controversy exception to jurisdiction under the Class Action Fairness Act does not bar removal because Plaintiffs have not alleged that over two thirds of Plaintiffs are citizens of Louisiana. Further, the Louisiana defendants are not significant defendants because their conduct does not form a significant basis for the claims asserted by plaintiffs given that the primary allegations in the petitions are directed at the foreign oil company defendants. The conduct of the foreign oil company defendants with regard to NORM operations as alleged by plaintiffs is by far the most significant basis for plaintiffs' claims; and comparatively the

significant relief here is sought against the foreign oil company defendants compared with the relief sought against all the other defendants. *See Robinson v. Cheetah Transp.*, No. 06-005, 2006 WL 468820, at *4 (W.D. La. Feb. 27, 2006). The domestic defendants here are primarily pipe contractor defendants and land owner defendants – who are not significant defendants compared to the foreign oil companies. This controversy is not localized. Thus, removal is not barred under 28 U.S.C. § 1332(d)(4)(A).

### The Amount in Controversy

27.

The amount in controversy exceeds $75,000 per plaintiff, exclusive of interest and costs, and is therefore proper in this Court under 28 U.S.C. § 1332(d)(11).

28.

Although Plaintiffs plead no specific amount of damages, Plaintiffs seek damages for personal injuries and punitive damages. In a single case involving a single tract of land in Harvey, Louisiana alleged to be contaminated with TERM, a jury awarded compensatory damages in the amount of $56 million to remediate the 33 acre parcel and punitive damages in the amount of $1 billion – primarily against Exxon, a foreign defendant. The Louisiana 4th Circuit Court of Appeal affirmed the compensatory award but reduced the punitive award to $112 million. The Louisiana Supreme Court denied writs in all respects. *See* Exhibit C.

29.

The aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs, and is therefore proper in this Court under 28 U.S.C. § 1332(d)(6) and 1332(d)(11).

30.

Given the nature of these damages arising from alleged radiation exposure and the size

of the purported class being 191 individuals, it is facially apparent that the aggregate amount controversy requirement has been satisfied. *See Frazier v. Pioneer Americas LLC,* 455 F.3d 542, 545 (5th Cir. 2006) (determining that the CAFA jurisdictional amount was satisfied based on the nature of the alleged injuries and the damages sought by the class members). As in *Frazier*, Plaintiffs here also have pled significant damages, including radiation exposure and physical and mental injuries. Thus, the amount in controversy requirement has been satisfied.

### **Other Matters**

31.

Pursuant to the requirements of 28 U.S.C. § 1446(d), a Notice of Filing, attaching a copy of this Notice as an exhibit, will be filed with the Clerk for the Civil District Court for the Parish of Orleans, as provided by law. *See* Notice of Filing Notice of Removal which is attached hereto as Exhibit "D."

32.

Petitioner reserves the right to amend or supplement this Notice of Removal.

33.

This action is removable pursuant to 28 U.S.C. § 1441(a) because Petitioner is removing this action to the United States District Court for the Eastern District of Louisiana, which is the district court for the United States for the district and division embracing the place where the action is pending.

34.

Pursuant to 28 U.S.C. §1453(b), the consent of other defendants is not required.

35.

As noted above, none of the exceptions to the Class Action Fairness Act enumerated in 28 U.S.C. § 1332 apply.

36.

Petitioner requests a trial by jury on all issues.

**WHEREFORE,** Petitioner, Joseph F. Grefer, hereby removes the action now pending against it in the Civil District Court for the Parish of Orleans, bearing case number 15-1054, to this Honorable Court. Petitioner also respectfully requests any further relief to which he may be entitled.

Respectfully submitted,

*/s/ Eberhard D. Garrison*_____
Eberhard D. Garrison
(egarrison@jonesswanson.com)
Attorney Identification No. 22058
Kevin E. Huddell
(khuddell@jonesswanson.com)
Attorney Identification No. 26930
Rose Murray
(rmurray@jonesswanson.com)
Attorney Identification No. 34690
**Jones, Swanson, Huddell & Garrison, L.L.C.**
601 Poydras St., Suite 2655
New Orleans, Louisiana 70130
Telephone: (504) 523-2500
Facsimile: (504) 523-2508

### CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY that, on this 20th day of March, 2015, a copy of the above and foregoing has been served upon all counsel of record via facsimile, hand delivery, electronic mail and/or U.S. mail, postage prepaid and properly addressed.

*/s/ Eberhard D. Garrison*_____