**ATTORNEY'S NAME:** Jacobs, Darleen   07208
**AND ADDRESS:**
New Orleans   LA 70112-3415

### CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
### STATE OF LOUISIANA

NO:   2015 -- 01054   29   DIVISION: " M "   SECTION: 13

ROBERTSON, JOSEPH  ET AL VERSUS CHEVRON USA, INC.  ET AL

## CITATION

TO:  JOSEPH F. GREFER
  THROUGH:
  142 WILLOW DRIVE

  GRETNA   LA  70053-4929

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the petition
FOR FIRST SUPPLEMENTAL AND AMENDING PETITION FOR DAMAGES.  W/ ORIGINAL PETITION FOR DAMAGES
ATTACHED.
a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk
of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15) days after the
service hereof under penalty of default

### ADDITIONAL INFORMATION

Legal assistance is advisable.  If you want a lawyer and can't find one, you may call the New Orleans
Lawyer Referral Service at 504-561- 8828.  This Referral Service operates in conjunction with the
New Orleans Bar Association.  If you qualify, you may be entitled to free legal assistance through the
New Orleans Legal Assistance Corp. You may call them at 800-624-4771 or 504-525-4431.

**\*\*\*\*\*\*\*\*\*COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE\*\*\*\*\*\*\*\*\***

**IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for
the Parish of Orleans, State of LA**   February 12, 2015   .

Clerk's Office, Room 402, Civil Courts
421 Loyola Avenue
New Orleans, LA

DALE N. ATKINS, Clerk of
The Civil District Court
for the Parish of Orleans
State of LA
by _____
Deputy Clerk

---

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ | On this _____ day of _____ |
| _____ served a copy of the w/i petition | _____ served a copy of the w/i petition |
| FOR FIRST SUPPLEMENTAL AND AMENDING PETITION FOR DAMAGES.  W/ ORIGINAL PETITION FOR DAMAGES ATTACHED. | FOR FIRST SUPPLEMENTAL AND AMENDING PETITION FOR DAMAGES.  W/ ORIGINAL PETITION FOR DAMAGES ATTACHED. |
| On | On |
| JOSEPH F. GREFER | JOSEPH F. GREFER |
| | |
| THROUGH: | THROUGH: |
| | by leaving same at the dwelling house, or usual place of abode, in the hands of _____ |
| | a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating  HIM  /  HER  the said _____ |
| Returned  same day | JOSEPH F. GREFER |
| No. | |
| Deputy Sheriff of _____ | being absent from the domicile at time of said service. |
| Mileage: $_____ | Returned  same day |
| | No. |
| _____ / ENTERED /_____ | Deputy Sheriff of _____ |
| PAPER   RETURN | |
| _____/_____/_____ | |
| SERIAL NO.   DEPUTY   PARISH | |

**EXHIBIT**
A

FILED

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. _____                                  DIVISION " "

JOSEPH ROBERTSON, LARRY HANKTON, SHARVONNE JOHNSON,
TOMMIE JONES, WENSANNER KING, et al

versus

CHEVRON USA, INC., et al

FILED:_____         _____
                                                          DEPUTY CLERK

### PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes the Petitioners, **Joseph Robertson**, et al, and all other named individuals listed in Exhibit "A" attached to this Original Petition for Damages, as to each filing individually and to which all allegations herein apply individually, on their own behalf and on behalf of the minors for whom they are legal guardians, or on behalf of the deceased for whom they are the legal representatives, and who represent as follows:

### JURISDICTION

1.

This Court has jurisdiction over the claims of the named Petitioners and the subject matter of this litigation, pursuant to Louisiana Code of Civil Procedure articles 2 and 6.

2.

The Petitioners each plead in good faith that their individual amount in controversy satisfies the jurisdictional requirements of this Court.

3.

The Petitioners are not asserting any claim arising under the laws of the United States, nor do they assert any cause of action that are created by federal legislation, the U.S. Constitution, or any treaties of the United States.

### VENUE

4.

Venue is proper in this Court as to the Petitioners and all Defendants.

1

5.

## PARTIES

A.   The term **"Petitioners"** as used in this document includes all those persons listed in the Exhibit "A" attached hereto and incorporated into this original Petition for Damages. The Petitioners are all persons of the full age of majority, or they were represented by their natural parent or parents, their legal guardian, or their legal representative. Petitioners all live in or formerly lived in, and/or work or formerly worked in, and/or own or formally owned real property in Harvey, Parish of Jefferson, State of Louisiana, in and around that area of Harvey that is bounded by Peters Road, Sixteenth Street, Pailet Avenue, and Breaux Avenue (hereafter referred to as "the Property").

Made Defendants in this matter are the following:

B.   **Chevron USA. Inc.**, individually and as the successor corporation of Gulf Oil Exploration & Production, Co. (hereafter "Chevron"), is a foreign corporation registered to do and doing business in the State of Louisiana. with its registered office and principal place of business at 935 Gravier Street, New Orleans, Louisiana 70112, and whose agent for service of process in the State of Louisiana is The Prentiss Hall Corporation System, Inc., 320 Somerulos Street, Baton Rouge, Louisiana 70802-6129;

C.   **BP Exploration & Oil, Inc.**, and/or BP Products North America, Inc. and/or Amoco Oil Company (hereafter "BP"), is a foreign corporation licensed to do and doing business in the State of Louisiana, with its registered business office and principal business establishment in the State at 12 Mile South Highway 23, Belle Chasse, Louisiana, 70037, and whose registered agent for service of process is The Prentiss Hall Corporation System, Inc., 320 Somerulos Street, Baton Rouge, Louisiana 70802-6129;

D.   **ConocoPhilips Company**, successor by merger to Conoco, Inc. (hereafter "Conoco"), is a foreign corporation authorized to do and doing business in the State of Louisiana, with its registered office and principal business establishment in the State at 320 Somerulos St., Baton Rouge, La, and whose registered agent for service of process in the State of Louisiana is United States Corporation Co., 320 Somerulos Street, Baton Rouge, La 70802-6129;

E.   **Exxon Mobil Corporation** (hereafter "Exxon Mobil"), is a foreign corporation registered to do and doing business in the State of Louisiana, with its principal place of business at 320 Somerulos Street, Baton Rouge, Louisiana 70802-6129, and whose agent for service of process in the State of Louisiana is Corporation Service Company, 320 Somerulos Street, Baton Rouge, Louisiana 70802-6129;

F.   **Anadarko US Offshore Corporation**, formerly **Kerr-McGee Oil & Gas Corporation**, f/k/a Kerr-McGee Corporation (hereafter "Kerr-McGee"), is a foreign corporation licensed to do and doing business in the State of Louisiana, with a principal business establishment in the State of Louisiana in East Baton Rouge at 5615 Corporate Blvd., Suite 400B, Baton Rouge, La 70809, and whose registered agent for service of process is CT Corporation Systems, 5616 Corporate Blvd., Suite 400B, Baton Rouge, LA 70808;

G.   **Marathon Oil Company** (hereafter "Marathon") is a foreign corporation licensed to do and doing business in the State of Louisiana, with a registered office and principal business establishment in the State of Louisiana in East Baton Rouge Parish at 5615 Corporate Blvd., Suite 400B, Baton Rouge, La 70809, and whose registered agent for service of process is CT Corporation Systems, 5615 Corporate Blvd., Suite 400B, Baton Rouge, LA 70808;

H.   **Mobil Exploration & Producing U.S., Inc.** (hereafter "Mobil") is a foreign corporation licensed to do and doing business in the State of Louisiana, with a

registered office and principal business establishment in the State of Louisiana in East Baton Rouge Parish at 320 Somerulos St., Baton Rouge, La 0802-6129, and whose registered agent for service of process in the State of Louisiana is Corporation Service Company, 320 Somerulos St., Baton Rouge, La 70802-6129;

I.    **Sexton Oil & Mineral Corporation** (hereafter "Sexton"), is a Texas corporation that is not authorized to do but which is doing and has done business in the State of Louisiana, with its principal place of business at The 600 Building, 600 Leopard Street, Suite 1900, Corpus Christi, Texas 78473, and which may be served via certified mail under the authority of the Louisiana Long-Arm Statute, LA.Rev.Stat.Ann. 13:3201, 13:3204;

J.    **Shell Offshore, Inc.** (hereafter "Shell Offshore"), is a foreign corporation licensed to do and doing business in the State of Louisiana, with a principal business establishment in the State of Louisiana at 5616 Corporate Blvd., Suite 400B, Baton Rouge, Louisiana 70808 and whose registered agent for service of process in the State of Louisiana is CT Corporation System, 5616 Corporate Blvd., Suite 400B, Baton Rouge, Louisiana 70808;

K.    **Shell Oil Company** (hereafter "Shell Oil"), is a foreign corporation licensed to do and doing business in the State of Louisiana, with a principal business establishment in the State of Louisiana at 5616 Corporate Blvd., Suite 400B, Baton Rouge, Louisiana 70808 and whose registered agent for service of process in the State of Louisiana is CT Corporation System, 5616 Corporate Blvd., Suite 400B, Baton Rouge, Louisiana 70808;

L.    **SWEPI, L.P.**, individually and as successor to Shell Western E&P, Inc. (hereafter "SWEPI"), is a foreign limited partnership licensed to do and doing business in the State of Louisiana, with a principal business establishment in the State of Louisiana at 5616 Corporate Blvd., Suite 400B, Baton Rouge, Louisiana 70808 and whose registered agent for service of process in the State of Louisiana is CT Corporation System, 5616 Corporate Blvd., Suite 400B, Baton Rouge, Louisiana 70808;

M.    **The Texas Company, previously Texaco, Inc.** (hereafter "Texaco"), is a foreign corporation licensed to do and doing business in the State of Louisiana, with its principal business establishment in the State of Louisiana in Orleans Parish at 400 Poydras Street, New Orleans, Louisiana 70130, and whose registered agent for service of process is The Prentice-Hall Corporation System, Inc., 320 Somerulos St., Baton Rouge, La 70802-6129;

N.    **Intracoastal Tubular Services, Inc.**, individually and as the successor corporation to Intracoastal Truck Line, Inc., Intracoastal Pipe Repair and Supply, Co., and Intracoastal Terminal, Inc. (hereafter "ITCO"), is a domestic corporation that is licensed to do and doing business in the State of Louisiana, with its domicile at 221 Laurel Court, Luling, Parish of St. Charles, Louisiana 70070, and whose agent for service of process in the State of Louisiana is Thomas Balhoff, Roedel Parsons Koch, et al, 8440 Jefferson Highway, Suite 301, Baton Rouge, La 70809;

O.    **Alpha Technical Services, Inc.** (hereafter "Alpha"), is a domestic corporation that is not registered to do but is believed to be doing business in the State of Louisiana, with its domicile at 58 Burleigh Ct., North, Marrero, La 70072, Parish of Jefferson, Louisiana 70072, and whose agent for service of process in the State of Louisiana is Caleb H. Didriksen, 3114 Canal St., New Orleans, La 70119;

P.    **OFS, Inc.**, individually and as the successor corporation to Oil Field Sales and Service, Inc. (hereafter "OFS"), is a domestic corporation that is licensed to do and doing business in the State of Louisiana, with its domicile at 1120 Engineers Road, Parish of Plaquemines, Louisiana 70037, and whose agent for service of

3

process in the State of Louisiana is Douglas M. LaNasa, Jr., 1120 Engineers Road, Belle Chasse, La 70037;

Q.    **Oilfield Testers, Inc.**, individually and as successor to The Coupling House, Inc. (hereafter "Testers"), is a domestic corporation that is not authorized to do but which is doing and has done business in the State of Louisiana, with its domicile in St. Mary Parish at 1117 Siralusa Road, Morgan City, Louisiana 70381, and whose registered agent for service of process was J. Lee Wimberly, Main Street Drawer C, Church Point, Louisiana 70525;

R.    **Rathborne Companies, LLC**, is a domestic liability company licensed to do and doing business in the State of Louisiana, with its domicile in Jefferson Parish at 100 Pailet Street, Harvey, La 70058, and whose registered agent for service of process is Frank A. Tessier, 1100 Poydras Street, Suite 3100, New Orleans, Louisiana 70139-5099;

S.    **Rathborne Land Company, L.L.C.**, is a domestic liability company licensed to do and doing business in the State of Louisiana, with its domicile in Jefferson Parish at 100 Pailet Drive, Harvey, Louisiana 70159, and whose registered agent for service of process is Gregory C. Lier, 100 Pailet Drive, Harvey, Louisiana 70159;

T.    **Rathborne Properties, L.L.C.**, is a domestic liability company licensed to do and doing business in the State of Louisiana, with its domicile in Jefferson Parish at 100 Pailet Drive, Harvey, Louisiana 70159, and whose registered agent for service of process is Gregory C. Lier, 100 Pailet Drive, Harvey, Louisiana 70159;

Rathborne Companies, L.L.C., Rathborne Land Company, L.L.C., and Rathborne Properties, L.L.C., are collectively referred to as the "Rathbornes".

U.    **The Tubular Corporation** (hereafter "Tubular") is a domestic corporation that upon information and belief is not registered to do but which is believed to be doing business in the State of Louisiana, with its domicile in Orleans Parish at 935 Gravier Street, Box E8, New Orleans, Louisiana 70112, and whose registered agent for service of process is not listed with the Secretary of State, and as such who may be served through the Louisiana Secretary of State, Tom Schedler, 8585 Archives Avenue, Baton Rouge, Louisiana 70809 ;

V.    **John Gandy, Inc.** (hereafter "Gandy"), is a foreign corporation that is not licensed to do but is believed to be doing business in the State of Louisiana, with its principal place of business at 3303 West Davis Street, Suite 100, Conroe, Texas 77304, and which may be served via certified mail under the authority of the Louisiana Long-Arm Statute, LA.Rev.Stat.Ann. 13:3201, 13:3204;

W.    **Exchange Oil & Gas Corporation** (hereafter "Exchange"), is a foreign corporation licensed to do and doing business in the State of Louisiana with a principal business establishment in the State of Louisiana in Orleans Parish at 1250 Poydras Street, 24th Floor, New Orleans, Louisiana 70112, and whose registered agent for service of process is CT Corporation System, 5615 Corporate Blvd., Suite 400B, Baton Rouge, La 70808;

X.    **Amoco Production Company**, n/k/a BP America Production Company (hereafter "Amoco"), is a foreign corporation licensed to do and doing business in the State of Louisiana, with a principal business establishment in the State of Louisiana in East Baton Rouge at 5615 Corporate Blvd., Suite 400B, Baton Rouge, La 70808, and whose registered agent for service of process is CT Corporation Systems, 5615 Corporate Blvd., Suite 400B, Baton Rouge, La 70808;

Y.    **Areo Oil and Gas Company** (hereafter "Areo"), is a foreign corporation licensed to do and doing business in the State of Louisiana, with a principal business establishment in the State of Louisiana in East Baton Rouge at 5615 Corporate Blvd., Suite 400B, Baton Rouge, La 70808, and whose registered agent for

service of process is CT Corporation Systems, CT Corporation System, 5615 Corporate Blvd., Suite 400B, Baton Rouge, La 70808;

Z.   **L.B. Foster Company** (hereafter "Foster"), is a foreign corporation licensed to do and doing business in the State of Louisiana, with a principal business establishment in the State of Louisiana in Orleans Parish at 320 Somerulos St., Baton Rouge, La 70802, and whose registered agent for service of process is Corporation Service Company, 320 Somerulos St., Baton Rouge, La 70802-6129;

AA.   **51 Oil Company** (hereafter "51 Oil"), is a foreign corporation believed to have at one time been licensed to do business in the State of Louisiana, with a principal business establishment in the State of Louisiana in Lafayette Parish at 3227 Highway 90 East, Broussard, Louisiana 70518, and whose registered agent for service of process is James Paul Van Way, Jr., 3227 Highway 90 East, Broussard, Louisiana 70518;

BB.   **Certain Underwriters at Lloyd's, London and Certain London Market Insurance Companies**, are foreign insurers conducting business in the State of Louisiana who are believed to be insurers of Oilfield Testers, Inc., during part or all of the pertinent time period, and who may be served through their agent for service of process, the Louisiana Secretary of State, 8585 Archives Ave., Baton Rouge, Louisiana 70809;

CC.   **Sphere Drake Insurance, Limited**, is a foreign insurer conducting business in the State of Louisiana who is believed to be insurers of Oilfield Testers, Inc., during part or all of the pertinent time period, and who may be served through their agent for service of process, the Louisiana Secretary of State, Tom Schedler, 3851 Essen Lane, Baton Rouge, Louisiana 70809;

DD.   **Joseph F. Grefer, Camille Grefer, Rose Marie Grefer Haase, and Henry Grefer** (hereafter "the Grefers"), are all persons of the full age of majority, who are domiciled in the Parish of Jefferson, Louisiana, and who may be served by either personal or domiciliary service. LA. CODE CIV. PROC. ANN. ART. 1231, *el seq.*

The following defendants are hereafter referred to as the "Oil Companies": Amoco; Areo; BP; Chevron; Conoco; Exchange; Exxon; 51 Oil; Foster; Gandy; Kerr-McGee; Marathon; Mobil; Sexton; Shell; Shell Offshore; SWEPI; Texaco; and Tubular.

### Facts and Causes of Action

7.

Defendants the Grefers, the Rathbornes, and ITCO are hereafter collectively referred to as the "Landowners." At all relevant times, the Landowners have owned, in various proportions, a tract of land in Harvey, Louisiana that is bounded by Peters Road, Sixteenth Street, Pailet Avenue, and Breaux Avenue ("the Property").

8.

Beginning in or around 1958, the Landowners leased parts of the Property to ITCO, and later to Alpha, OFS, Tubular and Testers for the purpose of conducting oil field pipe equipment cleaning operations. The pipe cleaning business operated on the Property continuously through 1992.

9.

The pipe cleaning operations conducted on and within the Property were, in fact, conducted by defendants ITCO, Alpha, OFS, Tubular and/or Testers (the "Pipe Contractors").

10.

During all relevant times from 1958 through and including 1992, the Oil Companies delivered to the Pipe Contractors at the Property used oil field pipe that was to be cleaned and inspected. At all relevant times, the Oil Companies retained ownership of the pipe, and retained the right to supervise and control the Pipe Contractors' pipe cleaning work.

11.

During all relevant times, the Pipe Contractors were the compensated depositaries and agents of the Oil Companies. LA. CIV. CODE-ANN. ART. 2926, et seq. LA. CIV. CODE ANN. ART. 2985, et seq.

12.

The pipe the Oil Companies delivered to the Property during all relevant times was covered with pipe scale.

13.

Pipe scale collects on the inside of oil field drill pipe from the precipitation out of brine and other solutions in oil drilling and production operations, especially in the Gulf Coast region.

14.

The scale on the pipe delivered to the Property was contaminated with "Technologically Enhanced Radioactive Materials" ("TERM"), and other hazardous. toxic, and/or carcinogenic compounds that are known to pose a serious health risk to humans.

15.

The pipe-cleaning operations conducted by the Pipe Contractors removed scale from the pipe. These pipe-cleaning operations created large quantities of radioactive dust, debris, and other residue. Some of the dust, debris, and residue became airborne and either drifted off of the Property, or was wind-blown off the Property into the Petitioners' neighborhood and onto their properties. Some settled onto the ground and was washed off of the Property by surface water runoff onto the Petitioners' properties, or was absorbed into the ground and migrated off of the Property onto the Petitioners' properties.

16.

Portions of the contaminated pipe-cleaning residue are believed to remain on the Property, where it continues to emit radiation and to contaminate the ground water and surface water that flows from the Property into the Petitioner's neighborhood and onto their properties. Alternatively, even though the Property has allegedly been remediated, during all times relevant, radiation escaped from the Property and has been and discovered and is currently in and on properties owned and used by plaintiffs, thus representing a continuing tort.

17.

The half-life of the applicable radiation is significant and the remaining residue will require remediation and other remedial measures. The radioactive material has a half-life of over 50,000 years, is in the properties of the Petitioners, will remain in the properties of the Petitioners, and continues to emit harmful radiation, damaging Petitioner's properties and causing additional health problems for Petitioners.

18.

As a result of the pipe-cleaning operations conducted on the Property for more than 34 years, the Petitioners were directly and personally exposed to soils, dusts, and water that was contaminated with radioactive, hazardous, and/or toxic materials.

19.

As a result of their long-term exposures to the contaminated soils, dusts, and water from the Property, the Petitioners are at an increased risk for contracting diseases, including cancers and forms of leukemia.

20.

As a result of their long-term exposures to the radioactive, hazardous, and/or toxic soils, dusts, and water from the Property, the Petitioners' properties have been and are still being contaminated, thus reducing their values, and creating the need for environmental remediation and/or monitoring.

21.

For decades and while their pipe-cleaning operations were being conducted at the Property, the Oil Companies knew or should have known of the likelihood that the scale on their drilling pipe was contaminated with TERM and other hazardous and/or toxic materials, that these

radioactive, hazardous. and/or toxic materials pose a serious health threat to health, and that these radioactive, hazardous, and/or toxic materials contaminate property. Despite this knowledge, the Oil Companies did not inform the Petitioners of this hazard.

22.

For decades and while their pipe-cleaning operations were being conducted on the Property, the Pipe Contractors knew or should have known of the likelihood that the scale on the drilling pipe they were cleaning was contaminated with TERM and other hazardous and/or toxic materials, that these radioactive, hazardous, and/or toxic materials pose a serious health threat to humans, and that these radioactive, hazardous, and/or toxic materials contaminate property. Despite this knowledge, the Pipe Contractors did not inform the Petitioners of this hazard.

23.

Beginning in at least 1997, when they filed suit against the Oil Companies and the Pipe Contractors, the Grefers knew that the pipe scale on the drilling pipe placed and stored throughout the Property was contaminated with TERM and other hazardous and/or toxic materials, that these radioactive, hazardous, and/or toxic materials pose a serious health threat to humans, and that these radioactive, hazardous, and/or toxic materials contaminate property. Despite this knowledge, the Grefers did not inform the Petitioners of this hazard.

24.

The Petitioners were not put on notice of the potential dangers and/or contamination from the Property until March 2001, when the Grefers posted radioactive warning signs around the Property.

### Count 1 - Liability of the Landowners

25.

The Petitioners repeat without restatement all of their allegations contained in Paragraphs 1 through 24.

26.

The Landowners are jointly, severally, and *in solido* liable to the Petitioners in the following respects:

A.   They are strictly liable for conducting activities on the Property that caused and is causing damage to the Petitioners, who are their neighbors. LA. Civ. CODE ANN. ART. 667;

B.   They failed to fence off the Property or otherwise restrict access to it, thereby creating an attractive nuisance for young children;

C.   They maintained an attractive nuisance on the Property, which lured young children onto it;

D.   They failed to timely and properly clean up or remediate the Property to remove the radioactive, hazardous, and/or toxic materials from it;

E.   They failed to timely warn the Petitioners that there were and are radioactive, hazardous, and/or toxic materials on the Property, and that a risk of contamination to the Petitioners was caused and is being caused by the radioactive, hazardous, and/or toxic conditions on the Property;

F.   They failed to prevent the Petitioners from using the Property for recreation, farming, and other uses, while knowing that the Property was and is contaminated, and that this contamination posed and poses a health risk to humans,

27.

The Landowners owed a duty to the Petitioners to use the Property in a way that did not cause any harm or injury to the Petitioners' or the Petitioners' property. The Landowners breached this duty.

28.

These acts and/or omissions of the Landowners are a substantial contributing cause of the Petitioners' injuries and damages. These acts and/or omissions, therefore, are a direct cause of the injuries, damages, and losses suffered by the Petitioners. As a result, the Landowners are jointly, severally and *in solido* liable to the Petitioners for all general, special, and equitable relief to which the Petitioners are entitled by law.

**Count 2 - Liability of the Oil Companies**

29.

The Petitioners repeat without restatement all of their allegations contained in Paragraphs I through 28.

30.

The Oil Companies are jointly, severally and *in solido* liable to the Petitioners in the following respects:

A.    At all relevant times, they knew or should have known of the fault or the Pipe Contractors from the beginning of the pipe-cleaning operations at the Property, but did nothing to either stop the negligent operations or make them safe.

B.    At all relevant times, they knew or should have known that the Pipe Contractors were handling, transporting, cleaning and disposing of radioactive, hazardous, and/or toxic materials in a negligent manner, thereby causing a threat to the Petitioners and to the Petitioners' property.

C.    At all relevant times, they knew or should have known that the Pipe Contractors were performing work under contracts with them, and that this work would cause the Petitioners and their property to suffer significant exposures to radioactive, hazardous, and/or toxic materials.

D.    At all relevant times, they failed to properly supervise the operations of the Pipe Contractors.

E.    They failed to timely warn the Petitioners of the dangers caused by exposures to the radioactive, hazardous, and/or toxic materials on and being emitted from the Pipe Contractors' pipe-cleaning operations.

F.    They failed lo test their pipe for radioactive, hazardous, and/or toxic materials before it was delivered to the Pipe Contractors at the Property.

G.    They failed to properly remediate the Property to remove the radioactive, hazardous, and/or toxic materials on and being emitted from their drilling pipe by the operations of the Pipe Contractors.

H.    They acted in a careless and negligent manner without due regard for the safety of the Petitioners.

I.    They are strictly liable for having *garde* of the contaminated pipe. LA. Civ. CODE ANN. ARTS. 2317, 2317.1.

J.    They are strictly liable for conducting operations on the Property that caused damages and injuries to the Petitioners. LA. Civ. CODE. ART. 667.

31.

The Oil Companies owed a duty to the Petitioners to use the Property in a way that did not cause any harm or injury to the Petitioners' or the Petitioners' property. The Oil Companies breached this duty.

32.

These acts and/or omissions of the Oil Companies are a substantial, contributing cause of the Petitioners' injuries and damages. These acts and/or omissions, therefore, are a direct cause of the injuries, damages, and losses suffered by the Petitioners. As a result, the Oil Companies are jointly, severally, and *in solido* liable to the Petitioners for all general, special, and equitable relief to which the Petitioners are entitled by law.

**Count 3 - Liability of the Pipe Contractors**

33.

The Petitioners repeat without restatement all of their allegations contained in Paragraphs I through 32.

34.

The Pipe Contractors are jointly, severally, and *in solido* liable to the Petitioners in the following respects: .

A.   They failed to conduct safe pipe-cleaning operations on the Property, so as to prevent the escape of radioactive, hazardous, and/or toxic materials from the site.

B.   They failed to properly dispose of radioactive waste material from the pipe-cleaning operations they conducted on the Property.

C.   They failed to clean up the contaminated soil and water caused by their pipe-cleaning operations on the Property.

D.   They failed to properly test the pipe, or to otherwise monitor for radiation discharge or emissions from their pipe-cleaning operations on the Property.

E.   They failed to warn the Petitioners of the dangers from the radioactive materials being discharged and emitted from the pipe-cleaning operations on the Property.

F.   They are strictly liable for having *garde* of the contaminated drilling pipe. LA. C1v. CODE ANN. ART. 2317, 2317.1.

G.   They are strictly liable for conducting operations on the Property that caused damages and injuries to the Petitioners. LA. CIV. CODE ANN. ART. *667*.

11

35.

The Pipe Contractors owed a duty to the Petitioners to use the Property in a way that did not cause any harm or injury to the Petitioners' or the Petitioners' property. The Pipe Contractors breached this duty.

36.

These acts and/or omissions of the Pipe Contractors are a substantial contributing cause of the Petitioners' injuries and damages. These acts and/or omissions, therefore, are a direct cause of the injuries, damages, and losses suffered by the Petitioners. As a result, the Pipe Contractors are jointly, severally, and *in solido* liable to the Petitioners for all general, special, and equitable relief to which the Petitioners are entitled by law.

**Count 4 - Damages**

37.

The Petitioners repeat without restating their allegations contained in Paragraphs 1 through 36.

38.

The Petitioners aver that they are entitled to receive all just and equitable compensation for the physical, mental, emotional, and/or economic damages they have suffered and continue to suffer, including the damage to their property and the diminution in the value of their property, and all other just and equitable relief to which they may entitled by law.

39.

The Petitioners each claim that they sustained injuries and/or damages as a direct and/or consequential result of the joint and individual activities of the Defendants, which caused the Petitioners to have their persons and/or their real property exposed to the radioactive/hazardous/toxic materials generated, stored, or released as a result of the Defendants' operations conducted in or around the Property.

40.

The Petitioners had no knowledge of said exposures until less than one year from the date of the filing of the original, consolidated class action petition in the matter of *Leo Pollard, et al. Alpha Technical, et al,* Civil Action No. 01-8708, Parish of Orleans, State of Louisiana.

41.

Because they were members of the original class as defined and described in the *Leo Pollard* suit, prescription was suspended for the Petitioners from the date on which the original *Leo Pollard* petition was filed. LA. CODE CIV. PROC. ANN. ART. 596.

42.

Class certification has been requested by the named plaintiffs in the *Leo Pollard* case. If the *Leo Pollard* case is certified, and the certification judgment is affirmed on appeal, the Petitioners in this matter do not desire to have their claims heard as a part of or in the context of that class action. Until and unless the *Leo Pollard* case is certified, the Petitioners in this matter intend to timely file opt out notices with class counsel and with the Court. LA. CODE Civ. PROC. ANN. ART. 592(B).

43.

In addition to the allegations of negligence and strict liability stated in the previous paragraphs, the Petitioners' injuries and damages were caused by the Defendants' acts and/or omissions that may be beyond the proof available to the Petitioners. These acts and/or omissions were within the knowledge and control or the Defendants. There being no other reasonable conclusion but that the presence of TERM and other hazardous and/or toxic materials on the Property and the Petitioners'' properties was caused by the joint and several negligence of the Defendants. Since the Petitioners' exposures to these radioactive, hazardous, and/or toxic materials would not have occurred if the Defendants had exercised the high degree of care imposed on them in the handling and storage of hazardous substances, the Petitioners plead the doctrine of *res ipsa loquitur.*

44.

The Petitioners claim that they are entitled to compensation for: their physical injuries and diseases; their past, present, and future medical expenses (including medical monitoring and screening expenses); their lost wages; their anxiety and emotional distress; their increased risk of contracting disease; the aggravation of their preexisting conditions or illnesses, their fear of contracting cancer; damage to their property; diminution in the value of their property.

45.

The Petitioners claim that they are also entitled to receive future medical expenses in the form of medical monitoring and screening because:

A.   Monitoring procedures for the early detection of the types of diseases associated with exposure to radioactive, hazardous, and/or toxic materials are prescribed by qualified physicians, viewed reasonably necessary by contemporary scientific principles, and are medically advisable for the Petitioners.

B.   Medical monitoring programs for exposures to radioactive, hazardous, and/or toxic materials are different from ordinary medical monitoring programs that are generally appropriate for the non-exposed public.

C.   There is a demonstrated clinical value in the early detection and diagnosis of diseases related to and/or caused by exposures to radioactive, hazardous, and/or toxic materials.

D.   The Defendants caused or created unreasonably dangerous conditions for the Petitioners; therefore, the Defendants are liable for funding the costs of the Petitioners' periodic medical surveillance and treatment so the Petitioners can be properly diagnosed with and treated for any related disease or illness.

46.

The Petitioners claim that they are entitled to have the entire Property remediated to remove all radioactive, hazardous, and/or toxic materials, as well as any surrounding property that may have become contaminated as a result of the pipe-cleaning operations. This remediation should be performed in a safe manner so that it does not cause further damage to the Petitioners or their property, and the petitioners should be relocated at the Defendants' expense while the remediation work is being performed.

47.

In the matter of *Joseph Grefer, el al* v. *Alpha Technical, el al*, No. 97-15004, Div. E, Civil District Court for the Parish of Orleans, State of Louisiana, the Grefers obtained a compensatory damages verdict in their favor in the amount of $56 million, and a punitive damages verdict in their favor in the amount of $1 billion against the same Defendants named in this suit, for a part of the same radioactive contamination complained of in this matter. The

Grefers have an obligation to clean up their property, and this obligation runs in favor of the Petitioners. To the extent the Grefers have collected or may collect any part of those damages by settlement or judgment, and do not use all of the proceeds to clean up their property, then they will have been enriched without cause at the expense of the Petitioners, and the Petitioners are entitled to share in those damages.

48.

The Petitioners claim that they are entitled to recover exemplary damages from the Defendants who are jointly, severally and *in solido* liable because of the Defendants' reckless and wanton disregard for public safety in the storage, handling, transporting, and/or disposal of hazardous and/or toxic materials, and since the Defendants' conduct occurred during the period of the effective dates of Civil Code article 2315.3, LA. CIV. CODE ANN. ART. 2315.3.

49.

Petitioners are also entitled to recover exemplary and punitive damages from the Defendants jointly and severally and *in solido* pursuant to Louisiana Civil Code art. 2513.3.

50.

On information and belief, the activity of cleaning contaminated pipe on the Property began in 1968 and ended in 1987.

51.

Defendants behavior regarding the storage, handling or transportation of hazardous toxic substances on the Property was wanton and reckless.

52.

Defendants proceeded in disregard of a high and excess degree of danger, either known to them or apparent to a reasonable person in their position as to the handling of the contaminated pipe on the Property.

53.

Defendants engaged in highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger was apparent as to their handling of the contaminated pipe on the Property.

54.

The danger created by the defendants' wanton or reckless conduct as to their handling of the contaminated pipe on the Property threatened or endangered public safety.

55.

The defendants' wanton or reckless conduct occurred in the storage, handling or transportation of hazardous toxic substances, including their handling of the contaminated pipe on the Property.

56.

The plaintiffs' injuries were caused by the defendants' wanton or reckless conduct in the storage, handling or transportation of hazardous toxic substances, including their handling of the contaminated pipe on the Property.

57.

The Landowner defendants were aware of the handling, storage, cleaning, and transportation of the oil field production pipe on their property.

58.

The Landowner defendants were aware of the contamination of the Property caused by the handling, storage, cleaning, and transportation of the oil field production pipe on their property.

59.

The Landowner defendants took no steps to contain the contamination present on their property.

60.

The Landowner defendants took no steps to prevent the contamination present on their property from spreading to and contaminating the surrounding property.

61.

The Landowner defendants took no steps to prevent the Petitioners from accessing or using the Property, despite the knowledge of the Landowner defendants of the contamination present on their property.

62.

Further, an award of punitive damages in favor of the *Grefer* defendants arising out of the same wanton or reckless conduct in the storage, handling, or transportation of hazardous toxic substances on the Property giving rise to this proceeding, and occurring during the same period of time as covered by this proceeding, has been affirmed on appeal.

63.

The amount of exemplary damages will be determined at trial, in an amount sufficient to punish the Defendants for their conduct, and discourage and prevent these same Defendants and other similarly situated from further similar conduct.

64.

The Petitioners claim that any law or laws sought to be applied in such a way as to restrict or limit the Defendants' liability pursuant to Civil Code article 2315.3 is/are unconstitutional.

65.

Petitioners request trial by jury.

**Prayer for Relief**

Wherefore, the Petitioners pray that each Defendant be duly cited and served with a certified copy of this Original Petition for Damages, and that after due proceedings are held, that there be a Judgment entered in favor of each of the Petitioners and against the Defendants jointly, severally, and *in solido* for all general, special, and exemplary damages each of the Petitioners are adjudged to have suffered, plus all costs of these proceedings including legal interest from the date of the loss of the Petitioners, or, in the alternative, from the date of judicial demand in *Leo Pollard. el al* v. *Alpha Technical, et al,* Civil Action No. 01-8708, Parish of Orleans, State of Louisiana.

Petitioners further pray for all other general and equitable relief and for trial by jury.

Respectfully submitted,

_____
Darleen M. Jacobs, Bar No. 7208
Jacobs & Sarrat
823 St. Louis Street
New Orleans, LA 70112
Telephone:  (504) 522-0155
Facsimile:  (504) 522-3819

Paula Adams Ates, Esq., Bar Roll No.:  27362
13726 River Rd, Suite A
Destrehan, LA 70047
Phone: (985) 764-9911
Fax: (985) 764-6222
Email: paa@ateslawfirm.com

Robert G. Harvey, Sr., Bar No. 18615
600 North Carrollton Avenue
New Orleans, Louisiana 70119
Telephone:  504.822.2136

Facsimile:  504.822.2179 fax
Email:  rgharvey@bellsouth.net

Counsel for Petitioners

**PLEASE SERVE:**

**Chevron USA. Inc.,** whose agent for service of process in the State of Louisiana is The Prentiss Hall Corporation System, Inc., 320 Somerulos Street, Baton Rouge, Louisiana 70802-6129;

**BP Products North America, Inc., previously BP Exploration & Oil, Inc.,** whose registered agent for service of process is The Prentiss Hall Corporation System, Inc., 320 Somerulos Street, Baton Rouge, Louisiana 70802-6129;

**ConocoPhilips Company,** whose registered agent for service of process in the State of Louisiana is United States Corporation Co., 320 Somerulos Street, Baton Rouge, La 70802-6129;

**Exxon Mobil Corporation** whose agent for service of process in the State of Louisiana is Corporation Service Company, 320 Somerulos Street, Baton Rouge, Louisiana 70802-6129;

**Anadarko US Offshore Corporation,** formerly **Kerr-McGee Oil & Gas Corporation,** whose registered agent for service of process is CT Corporation Systems, 5615 Corporate Blvd., Suite 400B, Baton Rouge, LA 70808;

**Marathon Oil Company** whose registered agent for service of process is CT Corporation System, 5615 Corporate Blvd., Suite 400B, Baton Rouge, LA 70808;

**Mobil Exploration & Producing U.S., Inc.** whose registered agent for service of process in the State of Louisiana is Corporation Service Company, 320 Somerulos Street, Baton Rouge, Louisiana 70802-6129;

**Sexton Oil & Mineral Corporation** which may be served via certified mail under the authority of the Louisiana Long-Arm Statute, LA.Rev.Stat.Ann. 13:3201, 13:3204 at The 600 Building, 600 Leopard Street, Suite 1900, Corpus Christi, Texas 78473;

**Shell Offshore, Inc.** whose registered agent for service of process in the State of Louisiana is CT Corporation System, 5616 Corporate Blvd., Suite 400B, Baton Rouge, Louisiana 70808

**Shell Oil Company** whose registered agent for service of process in the State of Louisiana is CT Corporation System, 5616 Corporate Blvd., Suite 400B, Baton Rouge, Louisiana 70808;

**SWEPI, L.P.,** whose registered agent for service of process in the State of Louisiana is CT Corporation System, 5616 Corporate Blvd., Suite 400B, Baton Rouge, Louisiana 70808;

**The Texas Company, previously Texaco, Inc.** whose registered agent for service of process is The Prentice-Hall Corporation System, Inc., 320 Somerulos St., Baton Rouge, La 70802-6129

**Intracoastal Tubular Services, Inc.,** whose agent for service of process in the State of Louisiana is Thomas Balhoff, Roedel Parsons Koch, et al, 8440 Jefferson Highway, Suite 301, Baton Rouge, La 70809;

**Alpha Technical Services, Inc.** whose agent for service of process in the State of Louisiana is Caleb  H. Didriksen, 3114 Canal St., New Orleans, La 70119;

**OFS, Inc.,** whose agent for service of process in the State of Louisiana is Douglas M. LaNasa, Jr., 1120 Engineers Road, Belle Chasse, La 70037;

**Oilfield Testers, Inc.**, whose registered agent for service of process is J. Lee Wimberly, Main Street Drawer C, Church Point, Louisiana 70525;

**Rathborne Companies, LLC**, whose registered agent for service of process is Frank A. Tessier, 1100 Poydras St., Suite 3100, New Orleans, Louisiana 70163;

**Rathborne Land Company, L.L.C.**, whose registered agent for service of process is Gregory C. Lier, 100 Pailet Drive, Harvey, Louisiana 70059;

**Rathborne Properties, L.L.C.**, whose registered agent for service of process is Gregory C. Lier, 100 Pailet Drive, Harvey, Louisiana 70059;

**The Tubular Corporation** who may be served through the Louisiana Secretary of State, Tom Schedler, 8585 Archives Avenue, Baton Rouge, Louisiana 70809 ;

**John Gandy, Inc.** which may be served via certified mail under the authority of the Louisiana Long-Arm Statute, LA.Rev.Stat.Ann. 13:3201, 13:3204 at its principal place of business at 3303 West Davis Street, Suite 100, Conroe, Texas 77304;

**Exchange Oil & Gas Corporation** whose registered agent for service of process is CT Corporation System, 5615 Corporate Blvd., Suite 400B, Baton Rouge, La 70808;

**Amoco Production Company**, whose registered agent for service of process is CT Corporation Systems, 5615 Corporate Blvd., Suite 400B, Baton Rouge, La 70808;

**Areo Oil and Gas Company** whose registered agent for service of process is CT Corporation Systems, 8550 United Plaza Boulevard, Baton Rouge, LA 70809;

**L.B. Foster Company** whose registered agent for service of process is Corporation Service Company, 320 Somerulos St., Baton Rouge, La 70802-6129;

**51 Oil Company** whose registered agent for service of process is James Paul Van Way, Jr., 3227 Highway 90 East, Broussard, Louisiana 70518;

**Certain Underwriters at Lloyd's, London and Certain London Market Insurance Companies**, who may be served through their agent for service of process, the Louisiana Secretary of State, Tom Schedler, 8585 Archives Ave., Baton Rouge, Louisiana 70809;

**Sphere Drake Insurance, Limited**, who may be served through their agent for service of process, the Louisiana Secretary of State, Tom Schedler, 8585 Archives Ave., Baton Rouge, Louisiana 70809;

**Joseph F. Grefer,**  who may be served at 142 Willow Drive, Gretna, La 70053-4929

**Camille Grefer,** who may be served at 3709 Clifford Drive, Metairie, La 70002

**Rose Marie Grefer Haase,** who may be served at 1812 Green St., Metairie, La 70001-2426

**Henry Grefer,** who may be served at 526 Virgil Street, Gretna, La 70053-3136

**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**

**STATE OF LOUISIANA**

NO.                                                                    DIVISION "   "

**JOSEPH ROBERTSON, LARRY HANKTON, SHARVONNE JOHNSON, TOMMIE JONES, WENSANNER KING, et al**

versus

**CHEVRON USA, INC., et al**

FILED:_____          _____

                                                       **DEPUTY CLERK**

**<u>JURY DEPOSIT ORDER PURSUANT TO LA. C.C.P. art. 1734.1</u>**

Demand for trial by jury having been made herein and this matter now being set for trial,

IT IS ORDERED that the party requesting trial by jury deposit with the Clerk of Court cash in the amount of $2,000 for the first day of trial and $400.00 for each additional day the trial is expected to last, which sum shall be deposited no later than thirty (30) days prior to trial. Trial is set for the _____ day of _____, 20___.

In the event the case is resolved without the necessity of proceeding to trial by jury, the party depositing the funds shall receive a refund of this deposit as follows:

1.  All of the funds on deposit shall be refunded if the Court is notified by written motion filed with the Clerk of Court, more than 30 days in advance of the trial, indicating that the case is compromised or will proceed to a trial by judge.

2.  All but $600 shall be refunded if the Court is notified by written motion filed with the Clerk of Court more than 72 hours in advance of trial indicating that the case is compromised or will proceed to trial by judge.

3.  Thereafter, in the event the case does not proceed to trial by jury, the Court shall cast an additional $240.00 as costs for the calling of a venire;

4.  If the case proceeds to trial, the remaining funds on deposit shall be used to pay all costs associated with the jury trial including parking, daily compensation, juror meals and miscellaneous expenses. The court may require an additional deposit for costs as needed.

This Order supersedes any prior Jury Order issued in the matter. The Court certifies that a copy of this Order has been served upon all counsel of record and/or parties by hand delivery or by mail.

New Orleans, Louisiana, this ___ day of ___Februar_____, 2015.

A TRUE COPY

_____          ___(sgnd.) Paulette R. Irons___

DEPUTY CLERK, CIVIL DISTRICT COURT                    **JUDGE**
PARISH OF ORLEANS
STATE OF LA.

| | | | | |
|---|---|---|---|---|
| Adams | Darlene | | 12/3/1958 | XXX-XX-9521 |
| Adams | Paul | | 9/28/1971 | XXX-XX-6676 |
| Adams | Shedrenna | | 5/31/1984 | XXX-XX-0079 |
| Adams | Simone | | 5/21/1981 | XXX-XX-9133 |
| Alexis | Linda | | 10/26/1952 | XXX-XX-2809 |
| Anderson | Terrance | | 8/15/1970 | XXX-XX-0099 |
| Arbuthnot | David | Represented by the Estate | 4/2/1967 | XXX-XX-5675 |
| Arbuthnot | Edna | Represented by the Estate | 9/15/1941 | XXX-XX-9719 |
| Arbuthnot | Ivory | | 6/24/1944 | XXX-XX-3605 |
| Arbuthnot | Winnetker | | 12/26/1960 | XXX-XX-0390 |
| Ashley | Eddie | | 8/8/1943 | XXX-XX-4720 |
| Ashley, Jr. | Robert | Represented by the Estate | 1/2/1946 | |
| Barge | Martha | | | |
| Barnes | Tyre | | 12/20/1963 | XXX-XX-0721 |
| Berry | Leotha | | | |
| Biagas | Onika | | | |
| Biagas | Regina | | 10/30/1981 | XXX-XX-8641 |
| Broadwater | Andre | | 5/19/1959 | XXX-XX-2744 |
| Broadwater | Antoinette | | 10/22/1992 | XXX-XX-4756 |
| Broadwater | Ethylane | | 8/2/1963 | XXX-XX-0921 |
| Broadwater-Jordan | Veleaka | | 11/10/1959 | XXX-XX-7838 |
| Butcher | Kywanda | | 7/5/1980 | XXX-XX-0865 |
| Butler | Chichal | | 11/3/1974 | XXX-XX-8726 |
| Butler | Kim | | | |
| Butler | Wayne | | 10/25/1962 | XXX-XX-2868 |
| Catchings, Jr. | Edward | | 11/26/1961 | XXX-XX-5380 |
| Civens | Albert | | 7/3/1965 | XXX-XX-403? |
| Clark | Alvin | | 8/31/1970 | XXX-XX-9472 |
| Clark | Clarence | | | |
| Coleman | Chantelle | | 6/28/1986 | XXX-XX-6289 |
| Coleman | Charlita | | 10/7/1982 | XXX-XX-4611 |
| Coleman | Donald | | 2/27/1955 | XXX-XX-7248 |
| Coleman | Linda | Represented by the Estate | | |
| Cook | Linda | | 3/4/1958 | XXX-XX-1972 |
| Cravanas | Elizabeth | | 12/17/1957 | XXX-XX-7450 |
| Thirsty | Debra | | 8/9/1955 | XXX-XX-2270 |
| Davis | Israel | | 6/11/1974 | XXX-XX-6994 |
| Davis, Jr. | Bobby | | 4/20/1977 | XXX-XX-1613 |
| Davis, Jr. | Sammy | | 8/7/1954 | XXX-XX-6923 |
| Dison | Romain | | | |
| Dominique-Washington | Tyler | | 3/2/1979 | XXX-XX-4032 |
| Dorsey | Jacquelyn | | 3/10/1952 | XXX-XX-3817 |
| Evans | Mary | | 5/26/1930 | XXX-XX-1439 |
| Evans | Steven | | 9/14/1973 | XXX-XX-1864 |
| Fairley | Ronald | | 7/6/1951 | XXX-XX-7161 |
| Frank | Keitha | | 6/17/1974 | XXX-XX-8642 |
| Frank | Lorraine | | 7/20/1954 | XXX-XX-5864 |
| Frank | Wayne | | 12/12/1950 | XXX-XX-4069 |
| Furbush | Debbie | | 10/29/1955 | XXX-XX-8369 |
| Gaines | Juanita | | 10/26/1958 | XXX-XX-3194 |
| Girod | John | Represented by the Estate | 11/18/1949 | XXX-XX-3988 |
| Girod | Robert | | 10/25/1944 | XXX-XX-1850 |
| Goirl | Aubanelle | | 10/24/1961 | XXX-XX-5682 |
| Goirl | Benny | | | |
| Goirl | Darryl | | 4/3/1983 | XXX-XX-4655 |
| Goirl, Jr. | Benny | | 2/28/1963 | XXX-XX-5083 |
| Gordon | Sylvia | | 7/27/1957 | XXX-XX-5585 |
| Gullage | Jada | | 11/5/1968 | XXX-XX-3299 |



PLAINTIFF'S EXHIBIT

A

| | | | |
|---|---|---|---|
| Hammond | James | | |
| Hammond | Yvonne | 2/18/1936 | XXX-XX-0221 |
| Hankton, Sr. | Larry | | |
| Harris | Rosemary | 7/9/1954 | XXX-XX-6463 |
| Haywood | Eugene | | |
| Haywood | Vanessa | 8/4/1961 | |
| Haywood, Jr. | Charles | 11/4/1959 | XXX-XX-6060 |
| Haywood, Sr. | Charles | 7/24/1957 | XXX-XX-6056 |
| Haywood-Miles | Kimberly | 9/4/1939 | XXX-XX-4926 |
| Henry | Lloyd | 2/12/1964 | XXX-XX-1138 |
| Holmes | John | 1/27/1962 | XXX-XX-7587 |
| Jackson | Calvin | | |
| Jackson | Donsynia | 12/16/1974 | XXX-XX-7873 |
| Jenkins | Roosevelt | 10/22/1971 | XXX-XX-0309 |
| Jenkins | Thomas | 9/26/1953 | XXX-XX-9699 |
| Johnson | Sharvonne | | |
| Johnson | Yolanda | 11/28/1962 | XXX-XX-6878 |
| Jones | Chaunsey | 9/5/1960 | XXX-XX-9243 |
| Jones | Tommie | 2/6/1956 | XXX-XX-0787 |
| Jordan | Denise | 2/4/1946 | XXX-XX-5669 |
| Kelly | Mary | 9/3/1968 | XXX-XX-5284 |
| King | Wensanner | | XXX-XX-1108 |
| Knighten | Michael | 11/30/1964 | XXX-XX-7149 |
| Lee Holmes | John | 1/29/1961 | XXX-XX-5103 |
| Lewis, III | Willie | | |
| Lumpkin, Jr. | Leroy | 1/7/1955 | XXX-XX-9055 |
| Matthews | Antoinette | 10/30/1951 | XXX-XX-6480 |
| Matthews | Ronata | 10/30/1956 | XXX-XX-6423 |
| Matthews, III | George | 5/7/1980 | XXX-XX-2425 |
| Matthews, Jr. | George | 10/3/1973 | XXX-XX-9004 |
| McLauren | Bruce | 12/2/1956 | XXX-XX-6423 |
| McLauren | Ella | 5/27/1967 | XXX-XX-3804 |
| McLauren | Yachet | 7/26/1945 | XXX-XX-5947 |
| Miles, Jr. | Lawrence | 8/27/1981 | XXX-XX-6270 |
| Mitchell | Sherlanda | 1/19/1947 | XXX-XX-5683 |
| Nelson | Jermaine | 9/14/1958 | XXX-XX-5938 |
| Peters | Casey | 8/21/1974 | XXX-XX-1231 |
| Peters | Diane | 2/17/1979 | XXX-XX-1938 |
| Peters, Jr. | Jesse | 1/12/1960 | XXX-XX-2403 |
| Phelps | Wilbert | 6/25/1977 | XXX-XX-7603 |
| Pierce | Houston | 11/14/1975 | XXX-XX-3859 |
| Pierce | Inez | 4/1/1930 | XXX-XX-7269 |
| Pierce | Jameka | 6/28/1945 | XXX-XX-2748 |
| Pierre | Nancy | 7/28/1995 | XXX-XX-7714 |
| Pritchett | Minnie | 2/24/1966 | XXX-XX-2194 |
| Pritchett | Theophilus | 2/11/1945 | XXX-XX-7130 |
| Raymond | Sally | 6/14/1945 | XXX-XX-4380 |
| Raymond | Seymore | 1/7/1961 | XXX-XX-7069 |
| Robertson | Curtis | 8/29/1948 | XXX-XX-1304 |
| Robertson | Ernestine | 9/16/1951 | XXX-XX-3813 |
| Robertson | Joseph | 5/17/1928 | XXX-XX-4431 |
| Robertson | Sonji | 8/2/1944 | XXX-XX-4560 |
| Robertson | Curtis | 7/28/1965 | XXX-XX-3692 |
| Robertson-Caston | Florence | 5/27/1949 | XXX-XX-8674 |
| Scott | Brenda | 3/8/1947 | XXX-XX-7700 |
| Scott | Johnny | | |
| Scott | Lanelda | 3/15/1955 | XXX-XX-2575 |
| Scott | Letrise | 5/24/1974 | |
| | | 1/10/1984 | XXX-XX-0878 |

| | | | | |
|---|---|---|---|---|
| Scott | Myria | | | |
| Scott, III | Leamon | | 10/21/1961 | XXX-XX-7166 |
| Smith | Carnel | | 10/14/1975 | XXX-XX-1461 |
| Smith | Curtis | | 5/13/1975 | XXX-XX-0466 |
| Smith | Romaine | | 10/19/1976 | XXX-XX-0752 |
| Smith | Shirley | | 7/3/1957 | XXX-XX-0525 |
| Smith, Jr. | Kenneth | | 8/2/1937 | XXX-XX-7316 |
| Stewart | Bessie | | | |
| Stewart | Ralph | | | |
| Harkless | Dana | | 12/27/1943 | XXX-XX-3900 |
| Talley | Christina | | 8/27/1963 | XXX-XX-0686 |
| Taylor | Clara | | 11/19/1975 | XXX-XX-7186 |
| Thomas | Antonio | | 11/19/1935 | XXX-XX-7783 |
| Thomas | Geraldine | | 12/14/1976 | XXX-XX-9515 |
| Vaughn | Mary | | | |
| Wadee | Lorna | | 1/25/1944 | XXX-XX-8567 |
| Washington | Desiree | | 2/4/1968 | XXX-XX-9591 |
| Washington, III | Prentiss | | 5/2/1963 | XXX-XX-0812 |
| Watkins | Leonard | | | |
| Watkins | Ronald | | 7/20/1960 | XXX-XX-7541 |
| Whitley | Denzer | | 10/3/1964 | XXX-XX-5857 |
| Whitley | Laquita | | | |
| Whitley | Terry | | | |
| Wiliams | Tamara | | | |
| Williams-Rollins | Cammilla | | | |
| Williams | Charity | | 1/4/1967 | XXX-XX-9607 |
| Williams | Kerry | | 12/9/1975 | XXX-XX-6616 |
| Williams | Latanya | | | |
| Williams | Tamara | | | |
| Williams | Tommy | | 8/9/1971 | XXX-XX-0719 |
| Willis | Charity | | | |
| Wilson | Holly | | 10/13/1956 | XXX-XX-2456 |
| Wilson | Ida | | 8/8/1935 | XXX-XX-7877 |
| Wilson | Justin | | 1/3/1987 | XXX-XX-3565 |
| Wilson | Leo | | 5/31/1955 | XXX-XX-8267 |
| Wilson | Leslie | | 5/31/1955 | XXX-XX-8252 |
| Wilson | Lisa | | 8/19/1979 | XXX-XX-0771 |
| Wilson | Olton | | 4/4/1962 | XXX-XX-9703 |
| Wood | Jerry | | 10/1/1942 | |
| Woodside | Elgin | | 9/23/1964 | XXX-XX-6368 |
| Woodside | Janice | Represented by the Estate | 5/16/1970 | XXX-XX-6103 |
| Woodside | Rosalena | | 8/4/1941 | XXX-XX-9421 |

FILED

**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**

**STATE OF LOUISIANA**

2015 FEB -5  P 3: 51

CIVIL
DISTRICT COURT

NO. 2015-1054

DIVISION "M"

**JOSEPH ROBERTSON, LARRY HANKTON, SHARVONNE JOHNSON,**
**TOMMIE JONES, WENSANNER KING, et al**

versus

**CHEVRON USA, INC., et al**

FILED:_____          _____
                                                   **DEPUTY CLERK**

**FIRST SUPPLEMENTAL AND AMENDING PETITION FOR DAMAGES**

NOW INTO COURT, through undersigned counsel, comes the Petitioners, **Joseph Robertson**, et al, and all other named individuals listed in Exhibit "A" attached to the Original Petition for Damages, who desire to supplement and amend the original petition by adding a **"Supplemental Exhibit A"** to include an additional thirty-three (33) plaintiffs, each filing individually and to which all allegations herein apply individually, on their own behalf and on behalf of the minors for whom they are legal guardians, or on behalf of the deceased for whom they are the legal representatives.

To the extent not specifically amended or supplemented above, Petitioners named in the Supplemental Exhibit A reiterate all allegations of the original Petitions as if pled in full herein.

Petitioners named in the Supplemental Exhibit A reiterate the prayer of the Original Petition for Damages as if set forth in full herein.

WHEREFORE, the Petitioners named in the Supplemental Exhibit A pray that each defendant be duly cited and served with a certified copy of this First Amending and Supplemental Petition, along with the original Petition for Damages, and that after all due proceedings are held, that there be judgment in favor of each of the Petitioners and against each of the Defendants jointly, severally, and *in solido* for all general, special, and exemplary damages each of the Petitioners are adjudged to have suffered, plus all costs of these proceedings including legal interest from the date of the loss of the Petitioners or, in the alternative, from the date of judicial demand in *Leo Pollard, et al v. Alpha Technical, et al*, Civil Action No. 01-8708, Parish of Orleans, State of Louisiana.

Respectfully submitted,

_____
Darleen M. Jacobs, Bar No. 7208
Jacobs & Sarrat
823 St. Louis Street
New Orleans, LA 70112
Telephone: (504) 522-0155
Facsimile: (504) 522-3819

Paula Adams Ates, Esq., Bar Roll No.: 27362
13726 River Rd, Suite A
Destrehan, LA 70047
Phone: (985) 764-9911
Fax: (985) 764-6222
Email: paa@ateslawfirm.com

Robert G. Harvey, Sr., Bar No. 18615
600 North Carrollton Avenue
New Orleans, Louisiana 70119
Telephone: 504.822.2136
Facsimile: 504.822.2179 fax
Email: rgharvey@bellsouth.net

Counsel for Petitioners

**PLEASE SERVE:**

**Chevron USA. Inc.**, whose agent for service of process in the State of Louisiana is The Prentiss Hall Corporation System, Inc., 320 Somerulos Street, Baton Rouge, Louisiana 70802-6129;

**BP Products North America, Inc., previously BP Exploration & Oil, Inc.**, whose registered agent for service of process is The Prentiss Hall Corporation System, Inc., 320 Somerulos Street, Baton Rouge, Louisiana 70802-6129;

**ConocoPhilips Company**, whose registered agent for service of process in the State of Louisiana is United States Corporation Co., 320 Somerulos Street, Baton Rouge, La 70802-6129;

**Exxon Mobil Corporation** whose agent for service of process in the State of Louisiana is Corporation Service Company, 320 Somerulos Street, Baton Rouge, Louisiana 70802-6129;

**Anadarko US Offshore Corporation**, formerly **Kerr-McGee Oil & Gas Corporation**, whose registered agent for service of process is CT Corporation Systems, 5615 Corporate Blvd., Suite 400B, Baton Rouge, LA 70808;

**Marathon Oil Company** whose registered agent for service of process is CT Corporation System, 5615 Corporate Blvd., Suite 400B, Baton Rouge, LA 70808;

**Mobil Exploration & Producing U.S., Inc.** whose registered agent for service of process in the State of Louisiana is Corporation Service Company, 320 Somerulos Street, Baton Rouge, Louisiana 70802-6129;

**Sexton Oil & Mineral Corporation** which may be served via certified mail under the authority of the Louisiana Long-Arm Statute, LA.Rev.Stat.Ann. 13:3201, 13:3204 at The 600 Building, 600 Leopard Street, Suite 1900, Corpus Christi, Texas 78473;

**Shell Offshore, Inc.** whose registered agent for service of process in the State of Louisiana is CT Corporation System, 5616 Corporate Blvd., Suite 400B, Baton Rouge, Louisiana 70808

**Shell Oil Company** whose registered agent for service of process in the State of Louisiana is CT Corporation System, 5616 Corporate Blvd., Suite 400B, Baton Rouge, Louisiana 70808;

**SWEPI, L.P.**, whose registered agent for service of process in the State of Louisiana is CT Corporation System, 5616 Corporate Blvd., Suite 400B, Baton Rouge, Louisiana 70808;

**The Texas Company, previously Texaco, Inc.** whose registered agent for service of process is The Prentice-Hall Corporation System, Inc., 320 Somerulos St., Baton Rouge, La 70802-6129

**Intracoastal Tubular Services, Inc.**, whose agent for service of process in the State of Louisiana is Thomas Balhoff, Roedel Parsons Koch, et al, 8440 Jefferson Highway, Suite 301, Baton Rouge, La 70809;

**Alpha Technical Services, Inc.** whose agent for service of process in the State of Louisiana is Caleb H. Didriksen, 3114 Canal St., New Orleans, La 70119;

**OFS, Inc.**, whose agent for service of process in the State of Louisiana is Douglas M. LaNasa, Jr., 1120 Engineers Road, Belle Chasse, La 70037;

**Oilfield Testers, Inc.**, whose registered agent for service of process is J. Lee Wimberly, Main Street Drawer C, Church Point, Louisiana 70525;

**Rathborne Companies, LLC**, whose registered agent for service of process is Frank A. Tessier, 1100 Poydras St., Suite 3100, New Orleans, Louisiana 70163;

**Rathborne Land Company, L.L.C.**, whose registered agent for service of process is Gregory C. Lier, 100 Pailet Drive, Harvey, Louisiana 70059;

**Rathborne Properties, L.L.C.**, whose registered agent for service of process is Gregory C. Lier, 100 Pailet Drive, Harvey, Louisiana 70059;

**The Tubular Corporation** who may be served through the Louisiana Secretary of State, Tom Schedler, 8585 Archives Avenue, Baton Rouge, Louisiana 70809 ;

**John Gandy, Inc.** which may be served via certified mail under the authority of the Louisiana Long-Arm Statute, LA.Rev.Stat.Ann. 13:3201, 13:3204 at its principal place of business at 3303 West Davis Street, Suite 100, Conroe, Texas 77304;

**Exchange Oil & Gas Corporation** whose registered agent for service of process is CT Corporation System, 5615 Corporate Blvd., Suite 400B, Baton Rouge, La 70808;

**Amoco Production Company**, whose registered agent for service of process is CT Corporation Systems, 5615 Corporate Blvd., Suite 400B, Baton Rouge, La 70808;

**Areo Oil and Gas Company** whose registered agent for service of process is CT Corporation Systems, 8550 United Plaza Boulevard, Baton Rouge, LA 70809;

**L.B. Foster Company** whose registered agent for service of process is Corporation Service Company, 320 Somerulos St., Baton Rouge, La 70802-6129;

**51 Oil Company** whose registered agent for service of process is James Paul Van Way, Jr., 3227 Highway 90 East, Broussard, Louisiana 70518;

**Certain Underwriters at Lloyd's, London and Certain London Market Insurance Companies**, who may be served through their agent for service of process, the Louisiana Secretary of State, Tom Schedler, 8585 Archives Ave., Baton Rouge, Louisiana 70809;

3

**Sphere Drake Insurance, Limited,** who may be served through their agent for service of process, the Louisiana Secretary of State, Tom Schedler, 8585 Archives Ave., Baton Rouge, Louisiana 70809;

**Joseph F. Grefer,**  who may be served at 142 Willow Drive, Gretna, La 70053-4929

**Camille Grefer,** who may be served at 3709 Clifford Drive, Metairie, La 70002

**Rose Marie Grefer Haase,** who may be served at 1812 Green St., Metairie, La 70001-2426

**Henry Grefer,** who may be served at 526 Virgil Street, Gretna, La 70053-3136

SUPPLEMENTAL EXHIBIT "A"

| | | | | | |
|---|---|---|---|---|---|
| Antoine | Dorothy | 2/13/1929 | XXX-XX-6266 | | |
| Anderson | Evelyn | | XXX-XX-1463 | | |
| Anderson - Brown | Stephanie | | XXX-XX-6035 | | |
| Arbuthnot, Jr. | David | 4/2/1967 | XXX-XX-5675 | | |
| Brown | Sheila | | XXX-XX-8634 | | |
| Bush | Shone | | XXX-XX-0428 | | |
| Catchings | Alexis | | | | |
| Celestine | Debra | | XXX-XX-6232 | | |
| Common | Orienetta | | | | |
| Common | Phylicia | | | | |
| Common | Thaddeus | | | | |
| Common | Valencia | | | | |
| Girod | Lionel | | | | |
| Girod | Martin | | | | |
| Girod, Sr. | Wilton | | | | |
| Hammond | Emma | | | | |
| Hammond | Herbert | | | | |
| Harris | Daniel | | | | |
| Herron | Julia | | | | |
| Hicks | Plemon | 4/2/1930 | XXX-XX-2341 | | |
| Jacobs | Emma | | | | |
| Jacobs | Irine | | | | |
| Johnson | Trejean | 1/18/1987 | XXX-XX-1481 | | |
| Lewis | Leona | | | | |
| Lewis | Tommy | | | | |
| Lewis, Jr. | Willis | | XXX-XX- | | |
| Lockett | Emma | 7/4/1940 | XXX-XX-0814 | | |
| Marine | Kathy | | | | |
| McClure | Nathan | 4/27/1989 | XXX-XX-9875 | | |
| McClure | Nia | 1/20/1992 | XXX-XX-7916 | | |
| Pierce | Troylynn | 8/19/1976 | XXX-XX-0435 | | |
| Scott | Earl | | | | |
| Willis | Kathy | | | | |

FILED

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

2015 FEB -5  P 4:36

STATE OF LOUISIANA

NO.: 2015-1054                    DIV. "M-13"                    CIVIL DISTRICT COURT

JOSEPH ROBERTSON, LARRY HANKTON, SHARVONNE JOHNSON,
TOMMIE JONES, WENSANNER KING, ET AL

VERSUS

CHEVRON USA, INC., ET AL

FILED:_____ DEPUTY CLERK:_____

ORDER

Considering the above and foregoing:

Let this First Supplemental and Amending Petition be filed as prayed for herein.

New Orleans, Louisiana this ___9th___ day of ___February___, 2015.

(Sgd.) Paulette R. Irons
_____
DISTRICT JUDGE

A TRUE COPY

DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA.