**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JOSEPH ROBERTSON, ET AL.,**<br>  **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **NO.  15-874** |
| **CHEVRON USA, INC., ET AL.,**<br>  **Defendant** | **SECTION: "E" (3)** |

## ORDER AND REASONS

This case involves personal injury and property damage claims arising from alleged exposure to contamination from oil field pipe. The case was originally filed in state court and subsequently removed to federal court under the mass action provisions of the Class Action Fairness Act ("CAFA").[1] Plaintiffs, Joseph Robertson, et al., move to remand for lack of subject-matter jurisdiction.[2] Defendants Exxon Mobil Corporation ("Exxon") and Mobil Exploration and Producing U.S., Inc. ("MEPUS") oppose Plaintiffs' motion,[3] as do Defendants Joseph F. Grefer and Camille Grefer ("the Grefers").[4] For the reasons that follow, Plaintiffs' Motion to Remand is **GRANTED**, and Plaintiffs' request for costs and attorney's fees pursuant to 28 U.S.C. § 1447(c) is **DENIED**.

## BACKGROUND

Joseph Robertson and 157 other plaintiffs filed suit in Civil District Court for the Parish of Orleans on February 5, 2015; 33 additional plaintiffs were named in a supplemental petition.[5]

Plaintiffs' motion to remand argues (1) this Court lacks subject-matter jurisdiction under CAFA, (2) Defendants failed to meet the jurisdictional burden under

---

[1] R. Doc. 1. *See* 28 U.S.C. §§ 1332, 1441, 1446, 1453.
[2] R. Doc. 30.
[3] R. Doc. 35.
[4] R. Doc. 36.
[5] *See* R. Doc. 1-1.

CAFA, and (3) Plaintiffs' action falls under CAFA's mandatory abstention provisions, namely the local controversy exception and the home state exception.[6] Plaintiffs also argue they are entitled to all costs and attorney's fees incurred as a result of the removal pursuant to 28 U.S.C. § 1447(c).[7]

On April 20, 2015, this Court ordered Defendants to conduct any discovery related to jurisdiction by May 22, 2015.[8] On June 1, 2015, Defendants Exxon and MEPUS filed an opposition to the motion to remand,[9] as did the Grefers.[10] Plaintiffs filed a reply in support of their motion to remand on June 12, 2015.[11]

## STANDARD OF LAW

Generally, a defendant may remove a civil action from state court to federal court if the federal court would have had original jurisdiction over the action.[12] "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper."[13] To determine whether the Court has jurisdiction, the Court considers the claims in the state court petition as they existed at the time of removal.[14] Remand is proper if at any time before final judgment it appears the Court lacks subject-matter jurisdiction.[15]

---

[6] R. Doc. 30.
[7] *Id.*
[8] R. Doc. 34.
[9] R. Doc. 35.
[10] R. Doc. 36.
[11] R. Doc. 40.
[12] *See* 28 U.S.C. § 1441(a).
[13] *See Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[14] *Id.*
[15] *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . . . If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

CAFA vests federal district courts with original jurisdiction over "mass actions."[16] A "mass action" under CAFA is a civil action "in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact."[17] A mass action is deemed a class action removable under CAFA.[18] Therefore, this Court has jurisdiction over mass actions where (1) there are more than 100 plaintiffs; (2) minimal diversity exists between the parties; (3) the amount in controversy exceeds $5 million;[19] and (4) the primary defendants are not states, state officials, or other governmental entities.[20] In addition, CAFA provides that a court has jurisdiction "only over those plaintiffs whose claims in a mass action satisfy the jurisdictional amount requirements under subsection (a)"[21] for diversity jurisdiction, which requires the matter in controversy to exceed $75,000, exclusive of interest and costs.[22] The removing party bears the burden of proving that the provisions of CAFA are satisfied.[23]

## ANALYSIS

### A. Amount in Controversy

Although a removing defendant generally needs to provide only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold,[24] when

---

[16] *See* 28 U.S.C. 1332(d)(11). *See also Rainbow Gun Club, Inc. v. Denbury Onshore, L.L.C.*, 760 F.3d 405, 408 (5th Cir. 2014).

[17] 28 U.S.C. 1332(d)(11)(B)(i).

[18] 28 U.S.C. 1332(d)(11)(A).

[19] 28 U.S.C. § 1332(d)(2), (6). *See also Hood ex rel. Miss. v. JP Morgan Chase & Co.*, 737 F.3d 78, 85 (5th Cir. 2013).

[20] *See Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 569 (5th Cir. 2011); 28 U.S.C. § 1332(d)(2), (5), (11)(A).

[21] 28 U.S.C. § 1332(d)(11)(B)(i).

[22] 28 U.S.C. § 1332(a).

[23] *See Rainbow Gun Club*, 760 F.3d at 409 n. 3; *Preston v. Tenet Healthsystem Memorial Medical Center, Inc.*, 485 F.3d 804, 810 (5th Cir. 2007) ("CAFA contains a basic jurisdictional test for removal, which requires the removing defendant to prove minimal diversity and an aggregated amount in controversy of $5,000,000 or more.").

[24] *See* 28 U.S.C. § 1446(a).

the plaintiff contests the defendant's allegations in a motion to remand, as occurred in this case,[25] the defendant must establish the amount by a preponderance of the evidence.[26]

In *Mississippi ex. rel. Hood v. AU Optronics Corp.*, the Supreme Court noted that CAFA loosened the individual amount-in-controversy requirement for class actions but not for mass actions:

> [W]hereas § 1332(a) ordinarily requires each plaintiff's claim to exceed the sum or value of $75,000 . . . , CAFA grants federal jurisdiction over class and mass actions in which the aggregate amount in controversy exceeds $5 million. . . . Class and mass actions filed in state court that satisfy CAFA's requirements may be removed to federal court, . . . but federal jurisdiction in a mass action, unlike a class action, "shall exist only over those plaintiffs" whose claims individually satisfy the $75,000 amount in controversy requirement.[27]

Defendants in a mass action have the burden of establishing by a preponderance of the evidence that the aggregate and individual amount-in-controversy requirements are satisfied.[28] A defendant meets this burden if (1) it is apparent from the face of the petition that the claims satisfy the amount-in-controversy requirements, or (2) the defendant sets forth summary judgment-type evidence that supports a finding of the requisite amounts.[29] In addressing a removing defendant's burden to establish the amount in controversy, the Supreme Court has said, "[N]o antiremoval presumption

---

[25] R. Doc. 30-1 at 10–12.

[26] *See* 28 U.S.C. § 1446(c)(2)(B). *See also Dart Cherokee Basin Operating Co., L.L.C. v. Owens*, 135 S.Ct. 547, 553–54 (2014).

[27] *Miss. ex. rel. Hood v. AU Optronics Corp.*, 134 S.Ct. 736, 740 (2014) (quoting 28 U.S.C. § 1332(d)(11)(B)(i)).

[28] 28 U.S.C. § 1332(d)(11)(B)(i); *Hood ex rel. Miss.*, 737 F.3d at 85 ("As the party seeking removal [of a mass action under CAFA], Defendants bear the burden of proving both amounts in controversy."). *See also Manguno*, 276 F.3d at 723 ("The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper."). As this Court has explained in *Shanley, et al. v. Chalmette Refining, L.L.C., et al.*, No. 12-3045 R. Doc. 124, at *3, 4 (E.D. La. Oct. 3, 2014), CAFA has not altered the traditional rule regarding removing defendants' burden in establishing jurisdiction.

[29] *See Manguno*, 276 F.3d at 723.

attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court."[30]

Defendants Exxon and MEPUS argue only that it is facially apparent that the claims satisfy the amount-in-controversy requirements.[31] The Grefers argue both that the amount in controversy is apparent from the face of the petition and that they have set forth summary judgment-type evidence supporting a finding of the requisite amount.[32]

1. Facially Apparent

When determining whether it is facially apparent that the amount in controversy exceeds $75,000, the court looks only to the face of a plaintiff's petition.[33] In their original petition, Plaintiffs aver they are entitled to receive damages "for the physical, mental, emotional, and/or economic damages *they* have suffered and continue to suffer, including the damage to *their* property and the diminution in the value of *their* property, and all other just and equitable relief to which *they* may be entitled by law."[34] The complaint also states Plaintiffs are entitled to compensation for "*their* physical injuries and diseases; *their* past, present, and future medical expenses . . . ; *their* lost wages; *their* anxiety and emotional distress; *their* increased risk of contracting disease; the aggravation of *their* preexisting conditions or illnesses[;] *their* fear of contracting cancer; damage to *their* property; diminution in the value of *their* property."[35] Further, Plaintiffs claim "*they* are entitled to receive future medical expenses in the form of

---

[30] *Dart Cherokee Basin*, 135 S.Ct. at 554.
[31] *See* R. Doc. 35 at 1, 6–8.
[32] *See* R. Doc. 36 at 1, 3–4.
[33] *See Berniard v. Dow Chemical Co.*, 481 F. App'x 859, 862–63 (5th Cir. 2010); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995).
[34] R. Doc. 1-1 at ¶ 38 (emphasis added).
[35] R. Doc. 1-1 at ¶ 44 (emphasis added).

medical monitoring and screening."[36] As is obvious, Plaintiffs allege damages only in the collective; the petition contains no damage allegations as to individual plaintiffs.

In *Welp v. Hanover Insurance Co.*, the plaintiff filed suit against an insurance company for claims related to wind damage to her home.[37] The plaintiff did not allege in her petition the specific monetary amount of damages she sought and did not stipulate that her damages were less than $75,000.[38] Instead, the petition alleged the plaintiff's property suffered extensive damage that necessitated massive repairs.[39] The plaintiff sought damages for loss of use, living expenses, mental anguish, and penalties and attorney's fees, among other things.[40] Another section of this Court concluded it was not facially apparent from the petition that the claims satisfied the $75,000 amount-in-controversy requirement and recognized that the court could not "simply infer that the amount in controversy is met simply because [the plaintiff] has alleged a lengthy list of damages."[41]

Similarly, in *Berniard v. Dow Chemical Co.*, the Fifth Circuit affirmed the district court's conclusion that it was not facially apparent from the allegations in the plaintiffs' petitions that the amount-in-controversy requirement was satisfied.[42] In *Berniard*, a class of plaintiffs filed suit after a tank at the defendant's Louisiana facility experienced a sudden release of a potentially toxic chemical.[43] Parish officials closed some roads and

---

[36] R. Doc. 1-1 at ¶ 45 (emphasis added).
[37] *Welp v. Hanover Ins. Co.*, 2008 WL 235348, at *1 (E.D. La. Jan. 28, 2008).
[38] *Id.* at *2–3.
[39] *Id.* at *2.
[40] *Id.*
[41] *Id.* at *3.
[42] *See Berniard*, 481 F. App'x at 861–63 (citing *Allen*, 63 F.3d at 1335, 1336).
[43] *Id.* at 861.

evacuated residents and businesses from an area stretching about two miles east of the facility.[44] The Fifth Circuit reasoned as follows:

> Defendants-Appellants' bald exposure extrapolations are insufficient to establish the likely number of persons affected by the release or, for those affected, the severity of their harm. . . . Given the generalized and conclusional nature of the allegations of the several petitions and complaints . . . , we cannot say that . . . the Defendants-Appellants carried their burden of showing not only what the stakes of the litigation *could* be, but what they *are* in light of the plaintiffs' demands.[45]

Plaintiffs' laundry list of damages suffered on a collective basis is not sufficient to establish from the face of the petition that any individual plaintiff's claims satisfy the amount-in-controversy requirement.

The Court notes that Exxon, MEPUS, and the Grefers reference an award the Grefers recovered in a separate state case in support of their argument that it is facially apparent the individual amount-in-controversy requirement has been met as to each plaintiff.[46]  In their state case, the Grefers sought compensatory damages pursuant to state law for loss of use and remediation of their property and punitive damages from some of the same defendants in this case who leased the land from them.[47] Operations on the Grefer property included the cleaning, inspecting, testing, threading, transporting, and storage of oil well pipe for various oil companies.[48] Defendants divide the damages awarded to the Grefers by 191, the number of class members in this case, to establish that each plaintiff could recover, on average, more than $75,000.[49] The facts and causes of action underlying the Grefers' claims in their state case are dissimilar to those alleged by Plaintiffs in this action. Merely dividing by 191 the award the Grefers

---

[44] *Id.*

[45] *Id.* at 863 (emphasis in original).

[46] R. Doc. 1-1 at ¶ 47; R. Doc. 1 at ¶ 28; R. Doc. 35 at 6–7; R. Doc. 36 at 3–4. *See* also *Grefer v. Alpha Technical*, 965 So.2d 511, 514 (La. App. 4 Cir. 2007).

[47] *Grefer*, 965 So.2d at 514.

[48] *Id.*

[49] R. Doc. 36 at 3–4; R. Doc. 35 at 7.

recovered is insufficient to establish on the face of the petition that the claims of at least one plaintiff in this case are likely to exceed $75,000.

2.   Summary Judgment-Type Evidence

The Grefers also argue they supplied summary judgment-type evidence that establishes the individual amount in controversy exceeds $75,000 for each plaintiff.[50] After Plaintiffs filed their motion to remand, Defendants were allowed to conduct discovery with respect to jurisdiction.[51] The Grefers attached Plaintiffs' answers to interrogatories to their opposition to the motion to remand.[52] Apparently, no other jurisdictional discovery was done.

In their answers to interrogatories, Plaintiffs do list each plaintiff individually but provide only a laundry list of damages for each plaintiff. Defendants argue Plaintiffs' claims "easily exceed both jurisdictional thresholds" and that the answers to interrogatories are sufficient summary judgment-type evidence to establish the individual amount-in-controversy requirement is satisfied.[53] The evidence provided, however, is insufficient to establish by a preponderance of the evidence that any plaintiff's individual amount in controversy exceeds $75,000.[54] This Court cannot infer the individual amount-in-controversy requirement is satisfied simply because Plaintiffs

---

[50] R. Doc. 36 at 1, 3.
[51] R. Doc. 34.
[52] R. Doc. 36-1.
[53] R. Doc. 36 at 3–4.
[54] *See Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850–51 (5th Cir. 1999) (concluding that removing defendant failed to meet its burden to establish the amount in controversy because "it merely alleged in a conclusional manner that the amount in controversy exceeded the jurisdictional amount" and because "it was not 'facially apparent' that the amount of damages would exceed $75,000"); *Berniard*, 481 F. App'x at 863. *See also Bonck v. Marriott Hotels, Inc.*, 2002 WL 31890932, at *2–3 (E.D. La. Dec. 30, 2002) (concluding it was not facially apparent that plaintiff's claims exceed $75,000, despite injuries alleged in the complaint such as fractured cheek bones, a fractured jaw, broken teeth, severe head injuries, severe neck injuries, and permanent disability).

have alleged a laundry list of damages,[55] and removal "cannot be based simply upon conclusory allegations."[56] Defendants have not provided summary judgment-type evidence establishing by a preponderance of the evidence that the claims of any individual plaintiff exceed $75,000.[57] As a result, Defendants fail to establish the individual amount in controversy as required under 28 U.S.C. § 1332(a) and (d)(11)(B)(i).

## B. Costs and Attorney Fees

Plaintiffs also seek costs and attorney's fees incurred as a result of the removal pursuant to 28 U.S.C. § 1447(c).[58] The Supreme Court held in *Martin v. Franklin Capital Corp.*, that "absent unusual circumstances, attorney's fees should not be awarded [under § 1447(c)] when the removing party has an objectively reasonable basis for removal."[59] In applying this holding, the Fifth Circuit noted that § 1447 does not have a strong preference for or against fee awards.[60]

The Fifth Circuit in *Admiral Insurance Co. v. Abshire* found that the defendants' removal may have been objectively unreasonable.[61] The court noted that there was some evidence in the record that the defendants removed with the purpose of prolonging the litigation and imposing costs on the plaintiffs.[62] Nevertheless, the court determined that "it is equally true that, given the complexity of the instant commencement question, an

---

[55] *See Welp*, 2008 WL 235348, at *2–3.

[56] *Allen*, 63 F.3d at 1335.

[57] *See Bonck*, 2002 WL 31890932, at *3 ("[Defendant has] merely averred in its petition for removal and brief that the amount in controversy exceeds $75,000 by reference to plaintiff's enumerated claims. The defendant has failed to set forth specific facts such as an affidavit, medical bills, or income statements to support its allegation that the jurisdictional amount exceeds $75,000. Accordingly, the Court finds that the defendant has not satisfied its burden of showing by a preponderance of the evidence that more than $75,000 was in controversy at the time of removal.") (internal citation omitted).

[58] *See* R. Doc. 30-1 at 29–31.

[59] *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005).

[60] *Admiral Ins. Co. v. Abshire*, 574 F.3d 267, 280 (5th Cir. 2009).

[61] *See id.*

[62] *Id.*

award of fees might undermin[e] Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied."[63] Consequently, the court affirmed the district court's decision to decline to award attorney's fees under § 1447(c).[64]

The removal in this case was not objectively unreasonable. Although Defendants did not meet their burden to establish removal jurisdiction, there is nothing to suggest Defendants removed the case to prolong litigation or otherwise impose greater costs on Plaintiffs. Therefore, awarding Plaintiffs costs and attorney's fees under § 1447(c) would be improper. Accordingly, Plaintiffs' request for costs and attorney's fees is denied.

## CONCLUSION

As the parties seeking removal, Defendants bear the burden of establishing jurisdiction by a preponderance of the evidence. Defendants failed to prove by a preponderance of the evidence that the claims of any plaintiff are likely to exceed $75,000, and thus Defendants have not satisfied the amount-in-controversy requirement for any plaintiff. Accordingly, Defendants have not established that jurisdiction existed at the time of removal, and remand is proper. The Court need not address minimal diversity, the aggregate amount in controversy, or the exceptions raised by Plaintiffs. For the reasons stated above,

**IT IS ORDERED** that Plaintiffs' Motion to Remand[65] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana.

---

[63] *Id.* (internal citations and quotations omitted).
[64] *Id.* at 281.
[65] R. Doc. 30.

**IT IS FURTHER ORDERED** that Plaintiffs' request for costs and attorney fees pursuant to 28 U.S.C. § 1447(c) is **DENIED**.

New Orleans, Louisiana, this 2nd day of September, 2015.

_____

**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**