# United States Court of Appeals
**FIFTH CIRCUIT**
OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE**
**NEW ORLEANS, LA 70130**

January 22, 2016

Mr. William W. Blevins
U.S. District Court, Eastern District of Louisiana
500 Poydras Street
Room C-151
New Orleans, LA 70130

    No. 15-30920    Joseph Robertson, et al v. Chevron USA,
                               Incorporated, et al
                               USDC No. 2:15-CV-874

Dear Mr. Blevins,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

Enclosed for the district court and counsel is the approved bill of costs.

                                       Sincerely,

                                       LYLE W. CAYCE, Clerk

                                       By: _____
                                       Dantrell L. Johnson, Deputy Clerk
                                       504-310-7689

cc:    Ms. Angie Arceneaux Akers
        Mr. Mark Edward Best
        Ms. Lauren Raili Bridges
        Mr. Michael P. Cash
        Mr. Brett Patrick Fenasci
        Mr. Eberhard Darrow Garrison
        Mr. John William Hite, III
        Mr. Wade Thomas Howard
        Mr. Kevin E. Huddell
        Ms. Darleen M. Jacobs
        Ms. Mary S. Johnson
        Mr. Carlton Jones, III
        Mrs. Tyler Ann Moore Kostal
        Mr. Michael Laborde
        Mr. Jay M. Lonero
        Mr. Chadwick James Mollere
        Ms. Rose A. Murray
        Mr. Richard Stuart Pabst
        Mr. Thomas H. Peyton
        Mr. Michael Raudon Phillips
        Ms. Shannon A. Shelton
        Ms. Julie Parelman Silbert
        Mr. Martin A. Stern
        Mr. Raymond Peter Ward

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
December 31, 2015

Lyle W. Cayce
Clerk

No. 15-30920

D.C. Docket No. 2:15-CV-874

JOSEPH ROBERTSON; LARRY HANKTON; SHARVONNE JOHNSON; TOMMIE JONES; WENSANNER KING; ET AL,

      Plaintiffs - Appellees

v.

EXXON MOBIL CORPORATION; MOBIL EXPLORATION AND PRODUCING US, INCORPORATED; JOSEPH F. GREFER; CAMILLE GREFER,

      Defendants - Appellants

CHEVRON USA, INCORPORATED, individually and as the successor corporation of Gulf Oil Exploration & Production, Company; BP EXPLORATION & OIL, INCORPORATED, and/or BP Products North America, Inc. and/or Amoco Oil Company; CONOCOPHILLIPS COMPANY; ANADARKO U.S. OFFSHORE CORPORATION, formerly known as Kerr-McGee Oil and Gas Corporation, formerly known as Kerr-McGee Corporation; MARATHON OIL COMPANY; SEXTON OIL & MINERAL CORPORATION; SHELL OFFSHORE, INCORPORATED; SHELL OIL COMPANY; SWEPI, L.P., individually and as successor to Shell Western E&P, Inc.; INTRACOASTAL TUBULAR SERVICES, INCORPORATED, individually and as the successor corporation to Intracoastal Truck Linke, Inc., Intracoastal Pipe Repair and Supply, Co., and Intracoastal Terminal, Inc.; ALPHA TECHNICAL SERVICES, INCORPORATED; OFS, INCORPORATED, individually and as the successor corporation to Oil Field Sales and Service, Inc.; OILFIELD TESTERS, INCORPORATED, individually and as successor to The Coupling House, Inc.; RATHBORNE COMPANIES, L.L.C.; RATHBORNE LAND COMPANY, L.L.C.; RATHBORNE PROPERTIES, L.L.C.; TUBULAR CORPORATION; JOHN GANDY, INCORPORATED; EXCHANGE OIL & GAS CORPORATION;

AMOCO PRODUCTION COMPANY; AREO OIL AND GAS COMPANY; L B FOSTER COMPANY; 51 OIL COMPANY; CERTAIN UNDERWRITERS AT LLOYD'S, LONDON AND CERTAIN LONDON MARKET INSURANCE COMPANIES; ROSE MARIE GREFER HAASE; HENRY GREFER; RIVERSTONE INSURANCE, LIMITED, as successor in interest to certain business of Sphere Drake; incorrectly identified as Sphere Drake Insurance, Limited Insurance Limited, formerly known as Sphere Drake Insurance PLC; TEXACO, INCORPORATED, Incorrectly identified as predecessor to the Texas Conpany,

    Defendants - Appellees

Appeal from the United States District Court for the
Eastern District of Louisiana, New Orleans

Before GRAVES, HIGGINSON, and COSTA, Circuit Judges.

## J U D G M E N T

  This cause was considered on the record on appeal and was argued by counsel.

  It is ordered and adjudged that the judgment of the District Court is reversed, and the cause is remanded to the District Court for further proceedings in accordance with the opinion of this Court.

  IT IS FURTHER ORDERED that appellees pay to appellants the costs on appeal to be taxed by the Clerk of this Court.



Certified as a true copy and issued
as the mandate on **Jan 22, 2016**

Attest: *Lyle W. Cayce*
**Clerk, U.S. Court of Appeals, Fifth Circuit**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
December 31, 2015

Lyle W. Cayce
Clerk

No. 15-30920

JOSEPH ROBERTSON; LARRY HANKTON; SHARVONNE JOHNSON; TOMMIE JONES; WENSANNER KING; ET AL,

      Plaintiffs - Appellees

v.

EXXON MOBIL CORPORATION; MOBIL EXPLORATION AND PRODUCING US, INCORPORATED; JOSEPH F. GREFER; CAMILLE GREFER,

      Defendants - Appellants

CHEVRON USA, INCORPORATED, individually and as the successor corporation of Gulf Oil Exploration; Production, Company; BP EXPLORATION; OIL, INCORPORATED, and/or BP Products North America, Inc. and/or Amoco Oil Company; CONOCOPHILLIPS COMPANY; ANADARKO U.S. OFFSHORE CORPORATION, formerly known as Kerr-McGee Oil and Gas Corporation, formerly known as Kerr-McGee Corporation; MARATHON OIL COMPANY; SEXTON OIL; MINERAL CORPORATION; SHELL OFFSHORE, INCORPORATED; SHELL OIL COMPANY; SWEPI, L.P., individually and as successor to Shell Western E;P, Inc.; INTRACOASTAL TUBULAR SERVICES, INCORPORATED, individually and as the successor corporation to Intracoastal Truck Linke, Inc., Intracoastal Pipe Repair and Supply, Co., and Intracoastal Terminal, Inc.; ALPHA TECHNICAL SERVICES, INCORPORATED; OFS, INCORPORATED, individually and as the successor corporation to Oil Field Sales and Service, Inc.; OILFIELD TESTERS, INCORPORATED, individually and as successor to The Coupling House, Inc.; RATHBORNE COMPANIES, L.L.C.; RATHBORNE LAND COMPANY, L.L.C.; RATHBORNE PROPERTIES, L.L.C.; TUBULAR CORPORATION; JOHN GANDY, INCORPORATED; EXCHANGE OIL; GAS CORPORATION; AMOCO PRODUCTION COMPANY; AREO OIL AND GAS COMPANY; L B FOSTER COMPANY; 51 OIL COMPANY; CERTAIN UNDERWRITERS AT LLOYD'S, LONDON AND CERTAIN LONDON MARKET INSURANCE

No. 15-30920

COMPANIES; ROSE MARIE GREFER HAASE; HENRY GREFER; RIVERSTONE INSURANCE, LIMITED, as successor in interest to certain business of Sphere Drake; incorrectly identified as Sphere Drake Insurance, Limited Insurance Limited, formerly known as Sphere Drake Insurance PLC; TEXACO, INCORPORATED, Incorrectly identified as predecessor to the Texas Company,

        Defendants - Appellees

―――――――――――――

Appeal from the United States District Court
for the Eastern District of Louisiana

―――――――――――――

Before GRAVES, HIGGINSON, and COSTA, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:

      This lawsuit alleging personal and property damages stemming from oil pipe-cleaning operations was filed in Louisiana state court and removed to federal court under the Class Action Fairness Act, 28 U.S.C. § 1332(d) (CAFA). The district court allowed jurisdictional discovery and then ordered the case remanded to state court on the ground that Defendants had not met their burden of showing that at least one plaintiff satisfies the individual amount-in-controversy requirement that CAFA applies to so-called "mass actions." Holding that Defendants did make that showing, we reverse.

## I. FACTS AND PROCEEDINGS

      Plaintiffs are 189 natural persons who live, work, or own real property in a certain part of Harvey, Louisiana, or formerly did so. They allege that the nearby cleaning of pipes used in the oil industry produced harmful radioactive material that injured their health and property. Defendants are several oil companies, contractors that cleaned pipes for those oil companies, and the owners of property on which the pipe cleaning took place.

No. 15-30920

Plaintiffs contend that the relevant pipe-cleaning operations began in 1958 and operated continuously through 1992. According to Plaintiffs, the dirty pipes were covered with "pipe scale" that accumulates during drilling and production operations and contains radioactive and otherwise hazardous compounds known to present serious health risks. When the pipe-contractor defendants removed that pipe scale, Plaintiffs submit, they produced radioactive dust that became airborne and settled onto the Plaintiffs' properties, where some of it was absorbed into the ground or surface water. Plaintiffs allege that some of this material remains on their property despite remediation efforts, and will continue to emit harmful radiation for thousands of years. Plaintiffs contend that Defendants long knew or should have known of these hazards, but that Plaintiffs were not on notice of them until 2001, when landowner-defendants the Grefers posted a warning sign. Plaintiffs seek compensation for a wide variety of harms—including physical injuries, contracted diseases, medical expenses, lost wages, emotional distress, and property damage and diminution of value—as well as punitive damages and restitution of part of a nine-figure verdict awarded to the Grefers in a previous lawsuit.

After Plaintiffs filed this lawsuit, Defendants removed it to federal court, claiming that it is a removable "mass action" under CAFA. Plaintiffs then filed a motion to remand, arguing that Defendants had not met their burden of proving CAFA's basic jurisdictional requirements and that, in the alternative, three exclusions or exceptions to CAFA jurisdiction applied. The district court granted that motion, concluding that neither Plaintiffs' complaint nor Defendants' evidence shows that any plaintiff's claim satisfies CAFA's $75,000

3

Case: 15-30920    Document: 00513351939    Page: 4    Date Filed: 01/22/2016
Case 2:15-cv-00874-SM-DEK  Document 52  Filed 01/22/16  Page 7 of 12

No. 15-30920

individual amount-in-controversy requirement. We granted Defendants' petition for permission to appeal pursuant to 28 U.S.C. § 1453.[1]

## II. STANDARD OF REVIEW

This court reviews de novo a district court's order remanding to state court a lawsuit that had been removed under CAFA. *Admiral Ins. Co. v. Abshire*, 574 F.3d 267, 272 (5th Cir. 2009); *see also Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 722 (5th Cir. 2002).

## III. DISCUSSION

### A.

CAFA expanded federal district courts' original jurisdiction to include "'class actions' and 'mass actions'" in which there is minimal diversity and the aggregate amount in controversy exceeds $5 million. *Mississippi ex rel. Hood v. AU Optronics Corp.*, 134 S. Ct. 736, 739–40 (2014). A mass action—the category that occupies us here—is "any civil action . . . in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact, except that jurisdiction shall exist only over those plaintiffs whose claims in a mass action satisfy the jurisdictional amount requirements under subsection (a)." 28 U.S.C. § 1332(d)(11)(B)(i). That subsection (a), in turn, limits diversity jurisdiction to "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Because the party seeking removal bears the burden of establishing federal jurisdiction, we have held that a putative mass action removed under CAFA must be remanded if the defendants cannot establish that (1) the aggregate

---

[1] Discretionary appeals under CAFA generally must be decided within sixty days of the order granting leave to appeal. 28 U.S.C. § 1453(c)(2); *Patterson v. Dean Morris, L.L.P.*, 444 F.3d 365, 368–70 (5th Cir. 2006). The parties in this case agreed to extend this statutory period, as permitted by 28 U.S.C. § 1453(c)(3)(A).

Case: 15-30920    Document: 00513351939    Page: 5    Date Filed: 01/22/2016
Case 2:15-cv-00874-SM-DEK   Document 52   Filed 01/22/16   Page 8 of 12

No. 15-30920

amount in controversy exceeds $5 million and (2) at least one plaintiff's claim satisfies the $75,000 individual amount in controversy. *Hood ex rel. Mississippi v. JP Morgan Chase & Co.*, 737 F.3d 78, 85–86 (5th Cir. 2013).[2] The district court held that Defendants had not met their burden of showing the individual amount in controversy as to any plaintiff, and did not address the aggregate requirement.

Plaintiffs' state-court complaint alleges no amount in controversy—indeed, Louisiana law prohibits it. *See Perritt v. Westlake Vinyls Co.*, 562 F. App'x 228, 231 (5th Cir. 2014). Defendants alleged satisfaction of the aggregate and individual jurisdictional amounts in their notice of removal, but Plaintiffs contested those allegations by filing a motion to remand. In such a case, the court must decide by a preponderance of the evidence whether the relevant amount in controversy is met. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553–54 (2014) (citing 28 U.S.C. § 1446(c)(2)(B)). A removing defendant can meet its burden of demonstrating the amount in controversy by showing that the amount is "facially apparent" from the plaintiffs' pleadings alone, or by submitting summary-judgment-type evidence.

---

[2] We have previously left open the question of whether—because federal jurisdiction "exist[s] only over those plaintiffs whose claims in a mass action satisfy the [individual] jurisdictional amount requirements," 28 U.S.C. § 1332(d)(11)(B)(i)—the party asserting federal jurisdiction must show at removal that *at least 100* plaintiffs seek more than $75,000. *See JP Morgan Chase*, 737 F.3d at 86 n.4 ("Our court has not yet addressed whether at least 100, or only one of the plaintiffs must satisfy the individual amount in controversy requirement . . . . As none of the plaintiffs here satisfies this requirement, we need not resolve the issue . . . today."). The Eleventh Circuit has rejected the view, not yet embraced by any circuit, that CAFA imposes a threshold removability requirement that at least 100 plaintiffs satisfy the individual jurisdictional amount. *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1203–07 (11th Cir. 2007). That court chiefly reasoned that such a construction would negate the $5 million aggregate amount-in-controversy requirement by making the aggregate requirement variable, but always greater than $7.5 million. *Id.* at 1204–05. We have no reason to question the Eleventh Circuit's sound reasoning here because the district court decided only that Defendants had not shown that *any* plaintiff's claim exceeds $75,000 and Plaintiffs have not briefed any argument for a greater threshold requirement.

Case: 15-30920 Document: 00513351939 Page: 6 Date Filed: 01/22/2016
Case 2:15-cv-00874-SM-DEK Document 52 Filed 01/22/16 Page 9 of 12

No. 15-30920

*Manguno*, 276 F.3d at 723; *see also Perritt*, 562 F. App'x at 231. The required "demonstration concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether the plaintiff is likely to win or be awarded everything he seeks." *Berniard v. Dow Chem. Co.*, 481 F. App'x 859, 862 (5th Cir. 2010) (quoting *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008)).

Contrary to Plaintiffs' argument, that the removing party bears the burden of proving the amount in controversy does not mean that the removing party cannot ask the court to make common-sense inferences about the amount put at stake by the injuries the plaintiffs claim. In *De Aguilar v. Boeing Co.*, for example, we found it facially apparent that claims for "wrongful death, terror in anticipation of death, loss of companionship, and funeral expenses" exceeded $50,000 per plaintiff (the individual amount in controversy for diversity jurisdiction at that time), even though the complaint did not specify an amount of damages and the plaintiffs' attorney had submitted an affidavit stating that no plaintiff's damages exceeded $49,000. 11 F.3d 55, 57 (5th Cir. 1993). And in *Allen v. R&H Oil & Gas Co.*, we held that a complaint supported federal jurisdiction because "[a] court, in applying only common sense, would find that" hundreds of plaintiffs who sought punitive damages for "a wide variety of harm allegedly caused by wanton and reckless conduct" would collect more than $50,000 if they were successful. 63 F.3d 1326, 1336 (5th Cir. 1995). With this in mind, we turn to Defendants' showing here.

Whether or not the amount in controversy is facially apparent from Plaintiffs' complaint, Defendants submitted evidence that satisfies their burden of showing that at least one plaintiff's claim exceeds $75,000. Defendants filed in opposition to the motion to remand Plaintiffs' interrogatory responses—which constitute summary-judgment-type evidence. *See* Fed. R. Civ. P. 56(c)(1)(A) (stating that summary judgment can be supported or

6

Case: 15-30920 Document: 00513351939 Page: 7 Date Filed: 01/22/2016
Case 2:15-cv-00874-SM-DEK Document 52 Filed 01/22/16 Page 10 of 12

No. 15-30920

opposed by citing to "materials in the record, including . . . interrogatory answers"). In response to one interrogatory, Plaintiffs produced a chart detailing each individual plaintiff's claimed damages. Plaintiffs assert that Defendants' conduct has caused them to suffer a wide variety of specific harms, some of which, common sense dictates, place more than $75,000 at stake: for example, (1) Eddie Ashley claims that she has suffered, among other harms, emphysema and the wrongful death of her husband from lung cancer; and (2) Tommie Jones avers that he developed prostate cancer and a host of other ailments. We hold that it is more likely than not that these plaintiffs seek to recover more than $75,000. Indeed, Plaintiffs' counsel acknowledged at oral argument that for the plaintiffs who contracted cancer, he would be "asking [the] jury, come trial, for a whole lot more than $75,000."[3] For these reasons, the district court erred when it ordered this case remanded on the ground that no plaintiff satisfies the individual amount-in-controversy requirement.[4]

---

[3] We also note that Louisiana appellate courts have affirmed jury verdicts much larger than $75,000 to pipeyard workers who claimed damages from exposure to the same type of radioactive materials. *See generally Oleskowicz v. Exxon Mobil Corp.*, 129 So. 3d 1272 (La. Ct. App. 2013) (affirming award of $680,000 in comparative-fault-adjusted compensatory damages to a single plaintiff who contracted prostate cancer), *rev'd in part on other grounds*, 156 So. 3d 645 (La. 2014); *Lester v. Exxon Mobile Corp.*, 120 So. 3d 767 (La. Ct. App. 2013) (affirming damages awards ranging from $100,000 to $1.1 million to plaintiffs who alleged fear and increased risk of, but not actual diagnoses of, cancer). We may "look to similar cases to assist in determining the amount in controversy." *Atkins v. Ferro Corp.*, 314 F. App'x 662, 663 (5th Cir. 2009) (citing *Marcel v. Pool Co.*, 5 F.3d 81, 82–83 (5th Cir. 1993)).

[4] The district court described Plaintiffs' interrogatory responses as a "laundry list of damages" too conclusory to prove that any claim exceeded the jurisdictional amount. It relied on a district court case in which the defendant submitted no evidence, but instead rested on the plaintiff's allegations that, when beaten up at the defendant's hotel, he suffered "fractured cheek bones; a fractured jaw; broken teeth; severe head injuries; severe injuries to both shoulders, both arms, and both hands; severe neck injuries; and severe facial abrasions, lacerations and contusions." *Bonck v. Marriott Hotels, Inc.*, No. Civ.A. 02-2740, 2002 WL 31890932, at *2 (E.D. La. Dec. 30, 2002). *Bonck* is inapposite because the injuries were less serious and the plaintiff submitted a stipulation that his damages did not exceed $75,000 and evidence "show[ing] with legal certainty" that his claims did not exceed that amount. *Id.* at *3–4. The other cases the district court cited in its discussion of Defendants' evidentiary showing are also distinguishable. *See Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850–51

No. 15-30920

## B.

Before this court, as they did below, Plaintiffs raise several other arguments in support of remand: that Defendants have not met their burden of showing the $5 million aggregate amount in controversy, and that three statutory exclusions or exceptions to CAFA jurisdiction apply. The district court did not reach these arguments, and we decline to do so in the first instance. *See Allen v. Boeing Co.*, 784 F.3d 625, 636–37 (9th Cir. 2015) (declining to address CAFA's local-controversy exception in first instance even though parties had briefed it on appeal). Rather, we leave these issues to be decided by the district court on remand.

## IV. CONCLUSION

We hold that the district court erred when it found that no plaintiff satisfies CAFA's individual amount-in-controversy requirement, and REVERSE on that basis. We REMAND this case to the district court to address Plaintiffs' remaining jurisdictional arguments.

---

(5th Cir. 1999) (holding $75,000 amount in controversy not shown when the defendants submitted no evidence and relied only on the plaintiff's allegations that she was injured when assaulted in a parking lot); *Welp v. Hanover Ins. Co.*, Civil Action No. 07-8859, 2008 WL 235348, at *1–3 (E.D. La. Jan. 28, 2008) (holding $75,000 amount in controversy not apparent from allegations that the plaintiff's house suffered "extensive damage" in a hurricane).

8

Print Form

# BILL OF COSTS

**NOTE:** The Bill of Costs is due in this office *within 14 days from the date of the opinion, See* FED. R. APP. P. & 5ᵀᴴ CIR. R. 39. Untimely bills of costs must be accompanied by a separate motion to file out of time, which the court may deny.

JOSEPH ROBERTSON, et al.     v.   EXXON MOBIL CORPORATION, et al.     No. 15-30920

The Clerk is requested to tax the following costs against: Plaintiffs-Appellees, JOSEPH ROBERTSON, et al.

| COSTS TAXABLE UNDER Fed. R. App. P. & 5ᵗʰ Cir. R. 39 | REQUESTED | | | | ALLOWED (If different from amount requested) | | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | No. of Copies | Pages Per Copy | Cost per Page* | Total Cost | No. of Documents | Pages per Document | Cost per Page* | Total Cost |
| **Docket Fee ($450.00)** | | | | 505 | | | | 500.00 |
| **Appendix or Record Excerpts** | 7 | 91 | .1 | 63.7 | 7 | 91 | .10 | 63.70 |
| **Appellant's Brief** | 13 | 67 | .1 | 87.1 | 13 | 67 | .10 | 87.10 |
| **Appellee's Brief** | | | | | | | | |
| **Appellant's Reply Brief** | 11 | 27 | .1 | 29.7 | 11 | 27 | .10 | 29.70 |
| **Other:** | | | | | | | | |
| | | | Total $ | 685.50 | | | Costs are taxed in the amount of $ | 680.50 |

Costs are hereby taxed in the amount of $ 680.50 this 22nd day of January, 2016.

LYLE W. CAYCE, CLERK

State of _____
County of _____

By /s/ Jennifer C. French
Deputy Clerk

I Raymond P. Ward, do hereby swear under penalty of perjury that the services for which fees have been charged were incurred in this action and that the services for which fees have been charged were actually and necessarily performed. A copy of this Bill of Costs was this day mailed to opposing counsel, with postage fully prepaid thereon. This 5th day of January, 2016.

/s/ Raymond P. Ward
(Signature)

*SEE REVERSE SIDE FOR RULES
GOVERNING TAXATION OF COSTS

Attorney for Exxon Mobil Corporation