# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSEPH ROBERTSON, ET AL.,**<br>    **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-874** |
| **CHEVRON USA, INC., ET AL.,**<br>    **Defendant** | **SECTION: "E" (3)** |

## ORDER AND REASONS

This case involves personal injury and property damage claims arising from alleged exposure to contamination from oil field pipe. The case was originally filed in state court and subsequently removed to federal court under the mass action provisions of the Class Action Fairness Act ("CAFA").[1] Plaintiffs, Joseph Robertson, et al., move to remand for lack of subject-matter jurisdiction.[2] Defendants Exxon Mobil Corporation ("Exxon") and Mobil Exploration and Producing U.S., Inc. ("MEPUS") oppose Plaintiffs' motion,[3] as do Defendants Joseph F. Grefer and Camille Grefer ("the Grefers").[4] The Court initially granted the motion to remand, but after reviewing the Court's decision on appeal, the Court of Appeals for the Fifth Circuit reversed and remanded the case for consideration of Plaintiffs' remaining jurisdictional arguments.[5] For the reasons that follow, Plaintiffs' Motion to Remand is **DENIED**, and Plaintiffs' request for costs and attorney's fees pursuant to 28 U.S.C. § 1447(c) is **DENIED**.

---

[1] R. Doc. 1. *See* 28 U.S.C. §§ 1332, 1441, 1446, 1453.
[2] R. Doc. 30.
[3] R. Doc. 35.
[4] R. Doc. 36.
[5] *See* R. Doc. 52.

## BACKGROUND

Joseph Robertson and 157 other plaintiffs filed suit in Civil District Court for the Parish of Orleans on February 5, 2015; 33 additional plaintiffs were named in a supplemental petition.[6]

In their motion to remand, Plaintiffs argue that (1) Defendants failed to show that the Court has jurisdiction over this matter under CAFA, (2) the local single event exclusion applies, and (3) Plaintiffs' action falls under CAFA's mandatory abstention provisions, namely the local controversy exception and the home state exception.[7] Plaintiffs also argue they are entitled to all costs and attorney's fees incurred as a result of the removal pursuant to 28 U.S.C. § 1447(c).[8]

On April 20, 2015, this Court ordered Defendants to conduct any discovery related to jurisdiction by May 22, 2015.[9] On June 1, 2015, Defendants Exxon and MEPUS filed an opposition to the motion to remand,[10] as did the Grefers.[11] Plaintiffs filed a reply in support of their motion to remand on June 12, 2015.[12]

This Court issued an order on September 2, 2015, granting Plaintiff's motion to remand the case to state court, as the Court found Defendants failed to establish the individual amount in controversy as required under 28 U.S.C. § 1332(a) and (d)(11)(B)(i). On January 22, 2016, the Fifth Circuit reversed this Court's finding that no plaintiff has satisfied the individual amount-in-controversy requirement, and the Fifth Circuit

---

[6] *See* R. Doc. 1-1.
[7] R. Doc. 30.
[8] *Id.*
[9] R. Doc. 34.
[10] R. Doc. 35.
[11] R. Doc. 36.
[12] R. Doc. 40.

remanded the case to this Court to address Plaintiffs' remaining jurisdictional arguments.[13]

## STANDARD OF LAW

Generally, a defendant may remove a civil action from state court to federal court if the federal court would have had original jurisdiction over the action.[14] "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper."[15] To determine whether the Court has jurisdiction, the Court considers the claims in the state court petition as they existed at the time of removal.[16] Remand is proper if at any time before final judgment it appears the Court lacks subject-matter jurisdiction.[17]

CAFA vests federal district courts with original jurisdiction over "mass actions."[18] A "mass action" under CAFA is a civil action "in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact."[19] A mass action is deemed a class action removable under CAFA.[20] This Court has jurisdiction over mass actions where (1) there are more than 100 plaintiffs; (2) minimal diversity exists between the parties; (3) the amount in controversy exceeds $5 million;[21] and (4) the primary defendants are not

---

[13] *See* R. Doc. 52.

[14] *See* 28 U.S.C. § 1441(a).

[15] *See Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[16] *Id.*

[17] *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . . . If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

[18] *See* 28 U.S.C. 1332(d)(11). *See also Rainbow Gun Club, Inc. v. Denbury Onshore, L.L.C.*, 760 F.3d 405, 408 (5th Cir. 2014).

[19] 28 U.S.C. 1332(d)(11)(B)(i).

[20] 28 U.S.C. 1332(d)(11)(A).

[21] 28 U.S.C. § 1332(d)(2), (6). *See also Hood ex rel. Miss. v. JP Morgan Chase & Co.*, 737 F.3d 78, 85 (5th Cir. 2013).

states, state officials, or other governmental entities.[22] In addition, CAFA provides that a court has jurisdiction "only over those plaintiffs whose claims in a mass action satisfy the jurisdictional amount requirements under subsection (a)"[23] for diversity jurisdiction, which requires the matter in controversy to exceed $75,000, exclusive of interest and costs.[24] The removing party bears the burden of proving that the provisions of CAFA are satisfied,[25] while "the party objecting to CAFA jurisdiction must prove that the CAFA exceptions to federal jurisdiction divest[] the district court of subject matter jurisdiction."[26]

## ANALYSIS

I.    Does This Case Satisfy CAFA's Jurisdictional Requirements?

   A.  Minimal Diversity

To remove a mass action under CAFA, the case must have minimal diversity, which is satisfied when at least one plaintiff and one defendant are citizens of different states.[27] Citizenship for purposes of diversity jurisdiction must exist at the time the action commences.[28] "In cases removed from state court, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court."[29] Plaintiffs argue Defendants fail to establish minimal diversity.[30]

---

[22] *See Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 569 (5th Cir. 2011); 28 U.S.C. § 1332(d)(2), (5), (11)(A).

[23] 28 U.S.C. § 1332(d)(11)(B)(i).

[24] 28 U.S.C. § 1332(a).

[25] *See Rainbow Gun Club*, 760 F.3d at 409 n.3; *Preston v. Tenet Healthsystem Memorial Medical Center, Inc.* ("*Preston II*"), 485 F.3d 804, 810 (5th Cir. 2007) ("CAFA contains a basic jurisdictional test for removal, which requires the removing defendant to prove minimal diversity and an aggregated amount in controversy of $5,000,000 or more.").

[26] *Hollinger*, 654 F.3d at 571. *See also Rainbow Gun Club*, 760 F.3d at 409 n.3.

[27] *See Hollinger*, 654 F.3d at 569.

[28] *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 571 (2004) ("It has long been the case that the jurisdiction of the court depends upon the state of things at the time of the action brought.") (internal quotations omitted); *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996).

[29] *Coury*, 85 F.3d at 249.

[30] R. Doc. 30-1 at 8–9.

4

In the notice of removal, the Grefers list each defendant's state of incorporation and principal place of business both at time of filing and time of removal.[31] It is clear that at least one defendant is not a citizen of Louisiana.[32]

The Grefers also state in the notice of removal that "[u]pon information and belief at least one [p]laintiff is a citizen of Louisiana."[33] To support their contention, the Grefers cite Plaintiffs' petition for damages, in which Plaintiffs aver that "Petitioners all live in or formerly lived in, and/or work or formerly worked in, and/or own or formally [sic] owned real property in Harvey, Parish of Jefferson, State of Louisiana. . . ."[34] Section 1332, however, provides for jurisdiction over civil actions between "*citizens* of different states."[35] An allegation that a party is a "resident" of a particular state is insufficient because Section 1332 "demands diverse citizenship, not diverse residency."[36] The petition fails to provide the state(s) of domicile or citizenship of any plaintiff. Nevertheless, Plaintiffs do not dispute that they are Louisiana citizens; indeed, in their memorandum in support of their motion to remand, Plaintiffs state, "Greater than two-thirds of the Plaintiffs are citizens of Louisiana."[37]

---

[31] R. Doc. 1 at ¶ 6–23.

[32] *See id.* Chevron U.S.A. Inc., for example, "was [at the time Plaintiffs filed their original petition] and is now a Pennsylvania corporation with its principal place of business in the State of California." *Id.* at ¶ 6. Thus, Chevron U.S.A. Inc. was a citizen of Pennsylvania and California, both at the time Plaintiffs filed their original petition and at the time of removal.

[33] R. Doc. 1 at ¶ 25.

[34] R. Doc. 1-1 at 2 ¶ 5.A. Exxon and MEPUS also rely on this paragraph in their opposition to the motion to remand to support their contention that at least some of the plaintiffs are citizens of Louisiana. *See* R. Doc. 35 at 5.

[35] 28 U.S.C. § 1332 (emphasis added).

[36] *Nadler v. Am. Motor Sales Corp.*, 764 F.2d 409, 413 (5th Cir. 1985). *See also Preston v. Tenet Healthsystem Memorial Medical Center, Inc.* ("*Preston I*"), 485 F.3d 793, 797 (5th Cir. 2007) ("In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship."); *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954) ("With respect to the diversity jurisdiction of the federal courts, citizenship has the same meaning as domicile. . . . Residence alone is not the equivalent of citizenship.").

[37] R. Doc. 30-1 at 20.

Accordingly, the Court finds Defendants have established minimal diversity for purposes of removal under CAFA, as at least one plaintiff and one defendant are citizens of different states.[38]

### B.  *Amount in Controversy*

CAFA imposes two amount-in-controversy requirements. First, CAFA requires that the aggregated amount in controversy exceed $5 million.[39] Second, under CAFA, a court has jurisdiction "only over those plaintiffs whose claims in a mass action satisfy the jurisdictional amount requirements under subsection (a)," which states that the matter in controversy must exceed $75,000, exclusive of interest and costs.[40]

Defendants seeking removal of a mass action have the burden of establishing by a preponderance of the evidence[41] that the individual and aggregate amount-in-controversy requirements are satisfied.[42] A defendant meets this burden if (1) it is apparent from the

---

[38] Although Plaintiffs devote a section of their motion to remand to minimal diversity with a heading that reads, "The Defendants fail to establish minimal diversity," Plaintiffs actually raise the local controversy exception to CAFA (discussed *infra*) rather than challenge whether Defendants established minimal diversity, erroneously conflating the local-controversy exception with the minimal-diversity requirement. *See* R. Doc. 30-1 at 9 ("Defendants posit that plaintiffs 'have not alleged that over 2/3 of plaintiffs are citizens of Louisiana.' . . . Ultimately, if the defendant's [sic] are contending that the original petition does not allege or otherwise cannot show that plaintiffs meet the 2/3 citizenship requirement, then the defendants would likewise not be able to establish initial diversity jurisdiction for CAFA and the matter would have to be remanded.").

[39] 28 U.S.C. § 1332(d)(2), (6); *see also JP Morgan*, 737 F.3d at 85.

[40] 28 U.S.C. § 1332(d)(11)(B)(i); 28 U.S.C. § 1332(a). *See Miss. ex. rel. Hood v. AU Optronics Corp.*, 134 S.Ct. 736, 740 (2014) ("[W]hereas § 1332(a) ordinarily requires each plaintiff's claim to exceed the sum or value of $75,000 . . . , CAFA grants federal jurisdiction over class and mass actions in which the aggregate amount in controversy exceeds $5 million. . . . Class and mass actions filed in state court that satisfy CAFA's requirements may be removed to federal court, . . . but federal jurisdiction in a mass action, unlike a class action, 'shall exist only over those plaintiffs' whose claims individually satisfy the $75,000 amount in controversy requirement." (quoting 28 U.S.C. § 1332(d)(11)(B)(i)).

[41] Although a removing defendant generally needs to provide only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold, *See* 28 U.S.C. § 1446(a), when the plaintiff contests the defendant's allegations in a motion to remand, as in this case, the defendant must establish the amount by a preponderance of the evidence. *See* 28 U.S.C. § 1446(c)(2)(B). *See also Dart Cherokee Basin Operating Co., L.L.C. v. Owens*, 135 S.Ct. 547, 553–54 (2014).

[42] 28 U.S.C. § 1332(d)(11)(B)(i); *JP Morgan*, 737 F.3d at 85 ("As the party seeking removal [of a mass action under CAFA], Defendants bear the burden of proving both amounts in controversy."). *See also Manguno*, 276 F.3d at 723 ("The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper."). As this Court explained in *Shanley, et al. v. Chalmette Refining, L.L.C., et al.*, No.

face of the petition that the claims satisfy the amount-in-controversy requirements, or (2) the defendant sets forth summary judgment-type evidence that supports a finding of the requisite amounts.[43] In addressing a removing defendant's burden to establish the amount in controversy, the Supreme Court has said, "[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court."[44]

### 1.  Aggregate Amount in Controversy

The aggregate amount-in-controversy requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $5 million, or (2) the defendant sets forth "summary judgment type evidence" of facts in controversy that support a finding of the requisite amount.[45] The demonstration Defendants must make "concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether the plaintiff is likely to win or be awarded everything he seeks."[46]

Defendants argue it is apparent from the face of the petition that the aggregate amount in controversy exceeds $5 million.[47] In Plaintiffs' petition for damages, Plaintiffs aver that the Grefers obtained compensatory damages of $56 million and punitive damages of $1 billion "against the same Defendants named in this suit, for a part of the same radioactive contamination complained of in this matter" and argue that Plaintiffs in this case "are entitled to share in those damages."[48] The Grefers cite this paragraph to

---

12-3045 R. Doc. 124, at *3, 4 (E.D. La. Oct. 3, 2014), CAFA has not altered the traditional rule regarding removing defendants' burden in establishing jurisdiction.

[43] *See Manguno*, 276 F.3d at 723.

[44] *Dart Cherokee Basin*, 135 S.Ct. at 554.

[45] *See Manguno*, 276 F.3d at 723.

[46] *Berniard v. Dow Chem. Co.*, 481 F. App'x 859, 862 (5th Cir. 2010) (quoting *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008)).

[47] R. Doc. 1 at ¶ 29.

[48] R. Doc. 1-1 ¶ 47.

support their assertion that the amount in controversy satisfies CAFA's requirements.[49] Exxon and MEPUS also cite this paragraph in their opposition as support and explain, "Even if one ignores the punitive damages award from the *Grefer* verdict, $56 million split amongst 191 plaintiffs averages over $293,000 per claimant, satisfying both the aggregate and individual amount-in-controversy requirements under CAFA."[50]

Plaintiffs allege that the nearby cleaning of pipes used in the oil industry over a period of several decades produced harmful radioactive dust, debris, and other residue that injured their health and damaged their property.[51] Plaintiffs seek damages for physical injuries; past, present, and future medical expenses; lost wages; anxiety and emotional distress; increased risk of contracting disease, including cancer and leukemia; aggravation of preexisting conditions or illnesses; fear of contracting cancer; property damage; and diminution in property value.[52] Plaintiffs also seek punitive damages.[53] Plaintiffs, however, do not specify the monetary amount they seek, as Louisiana law prohibits plaintiffs from alleging in their petition the amount of damages they seek.[54]

Other courts have found similar allegations sufficient to establish that the amount in controversy exceeds $5 million. For example, in *DeHart v. BP America*, the plaintiff filed suit in state court on behalf of himself and a class of similarly situated individuals claiming personal injury as a result of exposure to airborne radiation, dust/t-norms.[55] Individually, the plaintiff sought damages resulting from his alleged exposure to

---

[49] R. Doc. 36 at 3–4 (citing *Grefer v. Alpha Technical*, 965 So.2d 511 (La. App. 4 Cir. 2007)).
[50] R. Doc. 35 at 7.
[51] R. Doc. 1-1.
[52] R. Doc. 1-1 at ¶¶ 44–63.
[53] R. Doc. 1-1 at ¶¶ 49–63.
[54] LA. CODE CIV. PRO. art. 893. *See also Perritt v. Westlake Vinyls Co., L.P.*, 562 F. App'x 228, 231 (5th Cir. 2014).
[55] *DeHart v. BP Am., Inc.*, No. 09-0626, 2010 WL 231744, at *1 (W.D. La. Jan. 14, 2010).

radiation, causing an alleged permanent neurological, psychological, and pathological condition. In addition, the plaintiff and other class members sought damages for severe "and possibly disabling" physical, mental, and emotional injuries associated with alleged exposure to airborne radiation exposure, including damages for diagnostic studies and future medical monitoring.[56] The court found it was facially apparent that the amount in controversy exceeded $5 million based on the nature of the damages sought and the size of the purported class, which consisted of about 118 people.[57] The court concluded that "even a minimal award to each of the 118 potential plaintiffs . . . more likely than not satisfies this court's jurisdictional minimum in the aggregate."[58]

Similarly, this Court finds it is facially apparent that, based on the petition in this case, the amount in controversy more likely than not exceeds $5 million in light of the nature of the injuries alleged and the damages sought.

Even if it were not facially apparent the aggregate amount-in-controversy requirement is satisfied, Defendants have established with competent summary judgment-type evidence that the jurisdictional amount is satisfied. Defendants attached to their opposition to the motion to remand Plaintiffs' interrogatory answers, which constitute summary judgment-type evidence.[59] Plaintiffs provided a list of each plaintiff's claimed damages, including cancer, wrongful death of a loved one, stroke, hair loss, breathing problems, fear, and anxiety.[60] In *LeBlanc v. Texas Brine, L.L.C.*, a removed class action before another section of this Court, the class contained at least 150 members

---

[56] *Id.* at *9.
[57] *Id.*
[58] *Id.*
[59] *See* FED. R. CIV. P. 56(c)(1)(A).
[60] R. Doc. 36-1.

who alleged injuries as a result of exposure to radioactive materials.[61] Plaintiffs sought damages that "[ran] the gamut from medical monitoring, business interruption, lost wages, property damage, evacuation expenses, property remediation, emotional injury, and economic damages associated with mortgage obligations."[62] The court concluded that the amount-in-controversy requirement had been met under CAFA. The court explained that, although the class size involved was "not particularly large when compared to other classes, these cases do not involve a quickly controlled and temporary exposure to harmless substances."[63] The court also found persuasive that the damages to the class continued to accrue at the time the court determined whether the amount in controversy exceeded $5 million: "These damages began to accrue at the latest in August of 2012 and continue to accrue at the time of this writing. The Court is persuaded that in light of the ongoing and continuous nature of the damages, as well as the extremely broad scope of damages sought by the class, the amount in controversy . . . exceeds $5,000,000."[64]

Plaintiffs in this case allege that damages have accrued since the 1950s and continue to accrue.[65] Plaintiffs' complaint alleges that Plaintiffs have been exposed to contamination for decades and details the damages Plaintiffs seek, while Plaintiffs' answers to interrogatories provides a list of injuries for which each plaintiff seeks damages. The Court finds the aggregate amount in controversy among the 189 plaintiffs

---

[61] *LeBlanc v. Texas Brine, L.L.C.*, No. 12-2059, 2013 WL 682302, at *1 (E.D. La. Feb. 22, 2013).
[62] *Id.* at *7.
[63] *Id.*
[64] *Id.*
[65] R. Doc. 1-1 ¶ 8, 28, 38.

more likely than not exceeds $5 million in light of the nature of the injuries Plaintiffs allege and of the damages Plaintiffs seek to recover.[66]

### 2.   Individual Amount in Controversy

On appeal, the Fifth Circuit concluded that "[w]hether or not the amount in controversy is facially apparent from Plaintiffs' complaint, Defendants submitted evidence that satisfies their burden of showing that at least one plaintiff's claim exceeds $75,000."[67]

The Fifth Circuit has not yet addressed whether only one or at least 100 of the plaintiffs must satisfy the individual amount-in-controversy requirement in order to confer CAFA jurisdiction.[68] Several district courts in this circuit, however, have determined that only one plaintiff must satisfy the $75,000 amount-in-controversy requirement under CAFA.[69] Moreover, courts in this circuit have found the Eleventh Circuit's reasoning in *Lowery v. Alabama Power Co.*[70] persuasive.[71]  In *Lowery*, the Eleventh Circuit concluded that CAFA requires only one plaintiff's claims to exceed $75,000. Otherwise, as the court noted in dicta, the aggregate amount in controversy

---

[66] *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995) (making common-sense inferences regarding the amount in controversy in light of the number of plaintiffs and defendants and the nature of the damages sought).

[67] R. Doc. 52 at 9.

[68] *See, e.g., JP Morgan*, 737 F.3d at 86 n.4 ("As none of the plaintiffs here satisfies this requirement, we need not resolve the issue of whether more than one plaintiff must satisfy the individual amount in controversy requirement today.").

[69] *See, e.g., Greco v. Jones*, 992 F.Supp.2d 693, 696 (N.D. Tex. 2014) ("Unbridled by any precedent from this Circuit to the contrary, the Court rejects Plaintiffs' assertion that the $75,000 provision forecloses jurisdiction over the entire case if the removing party does not prove that each Plaintiff asserts claims greater than that amount."); *Hamilton v. Burlington Northern Santa Fe Ry. Co.*, No. 08-132, 2008 WL 8148619, at *6–8 (W.D. Tex. Aug. 8, 2008) (concluding that removing defendants need not establish that each plaintiff satisfies the $75,000 threshold); *Mississippi ex rel. Hood v. Entergy Mississippi, Inc.*, 2012 WL 3704935, at *9–12 (S.D. Miss. Aug. 25, 2012) (concluding that only after removal should the court consider the individual amount-in-controversy requirement and remand any plaintiffs' individual claims that do not exceed $75,000).

[70] 483 F.3d 1184 (11th Cir. 2007).

[71] *See, e.g., Greco*, 992 F.Supp.2d at 697; *Entergy Mississippi*, 2012 WL 3704935, at *9–11.

requirement ($5 million) would be surplusage, as 100 individual claims of more than $75,000 each would total more than $7.5 million.[72] Thus, "[e]very civil action satisfying the numerosity requirement [of 100 plaintiffs] and the $75,000 provision would exceed $5,000,000 in the aggregate,"[73] and the aggregate amount-in-controversy requirement would be meaningless. In the Fifth Circuit's decision remanding this case, it endorsed the Eleventh Circuit's approach without deciding the issue:

> We have previously left open the question of whether—because federal jurisdiction exists only over those plaintiffs whose claims in a mass action satisfy the individual jurisdictional amount requirements—the party asserting federal jurisdiction must show at removal that *at least 100 plaintiffs* seek more than $75,000. The Eleventh Circuit has rejected the view, not yet embraced by any circuit, that CAFA imposes a threshold removability requirement that at least 100 plaintiffs satisfy the individual jurisdictional amount. That court chiefly reasoned that such a construction would negate the $5 million aggregate amount-in-controversy requirement by making the aggregate requirement variable, but always greater than $7.5 million. We have no reason to question the Eleventh Circuit's sound reasoning here because the district court decided only that Defendants had not shown that any plaintiff's claim exceeds $75,000 and Plaintiffs have not briefed any argument for a greater threshold requirement.[74]

This Court finds the Eleventh Circuit's reasoning persuasive and, consistent with several other district courts in this circuit, holds that a defendant need only establish at least one plaintiff's amount in controversy exceeds $75,000. Because Defendants have shown that at least one plaintiff's amount in controversy satisfies the jurisdictional amount, Defendants have met their burden of showing the individual amount-in-controversy requirement is met.

---

[72] *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1204 (11th Cir. 2007) ("If there are 100 individual plaintiffs, as there must be under the numerosity requirement of § 1332(d)(11)(B)(i), and if their individual claims cannot be removed unless the claims of each plaintiff exceed $75,000, then one need not even resort to a calculator to deduce that the aggregate value of the claims of each of the 100 plaintiffs would be, at a minimum, $7,500,000. This approach negates the need for the $5,000,000 aggregate amount in controversy requirement of § 1332(d)(2), which is applied to mass actions through § 1332(d)(11)(A).").
[73] *Id.*
[74] R. Doc. 52 at 8 n.2 (emphasis in original) (citations omitted) (internal quotation marks omitted).

The Court, however, has jurisdiction only over those plaintiffs whose claims exceed the individual $75,000 amount-in-controversy requirement. The Senate Report on CAFA states, "[I]t is the Committee's intent that any claims that are included in the mass action that standing alone do not satisfy the jurisdictional amount requirements of Section 1332(a) (currently $75,000), would be remanded to state court."[75] In *Miss. ex. rel. Hood v. AU Optronics Corp.*, the Supreme Court explained as follows:

> [W]hereas § 1332(a) ordinarily requires each plaintiff's claim to exceed the sum or value of $75,000 . . . , CAFA grants federal jurisdiction over class and mass actions in which the aggregate amount in controversy exceeds $5 million. . . . Class and mass actions filed in state court that satisfy CAFA's requirements may be removed to federal court, . . . but federal jurisdiction in a mass action, unlike a class action, "shall exist only over those plaintiffs" whose claims *individually* satisfy the $75,000 amount in controversy requirement.[76]

In *Hood ex rel. Miss. v. JP Morgan Chase & Co.*, the Fifth Circuit found that none of the plaintiffs satisfied the individual amount in controversy requirement.[77] Nevertheless, the court reiterated that, if one plaintiff's amount in controversy exceeded $75,000 and as a result the court had jurisdiction, the court still would not have supplemental jurisdiction over the other individual plaintiffs who did not meet the individual amount-in-controversy requirement: "Even assuming *arguendo* that one of the plaintiffs did satisfy the individual amount in controversy requirement, the exercise of supplemental jurisdiction here would be an end-run around CAFA, which contains the explicit statutory requirement that 'jurisdiction shall exist only over those plaintiffs whose claims in a mass action satisfy' the $75,000 requirement."[78] Thus, this Court has jurisdiction under CAFA over a mass action in which there is minimal diversity, more than 100 plaintiffs, and an

---

[75] S. Rep. No. 109-14, at 46–47 (2005).
[76] *AU Optronics Corp.*, 134 S.Ct. at 740 (quoting 28 U.S.C. § 1332(d)(11)(B)(i)) (emphasis added).
[77] *JP Morgan*, 737 F.3d at 87–88.
[78] *JP Morgan*, 737 F.3d at 88 n.9.

aggregate amount in controversy of $5 million, but this Court has jurisdiction only over those plaintiffs in the mass action whose amount in controversy exceeds $75,000.

The Court must determine whether Plaintiffs or Defendants have the burden to establish which of the individual plaintiffs, if any, do not meet the $75,000 amount-in-controversy requirement. The District Court for the Southern District of Mississippi described the determination of CAFA jurisdiction over mass actions as a "two-step process."[79] First, the Court determines whether the threshold jurisdictional requirements under CAFA are met, including whether there is minimal diversity, whether the aggregate amount in controversy is met, and whether there are 100 or more plaintiffs whose claims rest on common issues of law and fact.[80] Second, the Court remands the claims of individual plaintiffs that do not satisfy the $75,000 individual amount-in-controversy requirement.[81] The district court in Mississippi concluded, in light of the plain language of the statute, that the $75,000 individual amount-in-controversy requirement is an exception to CAFA jurisdiction, rather than a threshold requirement.[82] Under this interpretation, after the removing defendants establish the threshold jurisdictional requirements under CAFA, the plaintiffs would have the burden of showing which claims should be remanded because they fail to meet the individual amount-in-controversy requirement.[83]

---

[79] *Entergy Mississippi*, 2012 WL 3704935, at *9.
[80] *Id.* (citing *Lowery*, 483 F.3d at 1202–03).
[81] *Id.*
[82] *See id.* at *10.
[83] *Hollinger*, 654 F.3d at 571 ("This court has held that the party objecting to CAFA jurisdiction must prove that the CAFA exceptions to federal jurisdiction divest[] the district court of subject matter jurisdiction."); *Rainbow Gun Club*, 760 F.3d at 409 n.3 ("Generally, the party seeking removal has the burden of proving that the provisions of CAFA are satisfied. The party seeking remand, however, has the burden of proving the applicability of any exceptions to CAFA jurisdiction.").

Similarly, in *Hamilton v. Burlington Northern Santa Fe Railway Co.*, the District Court for the Western District of Texas found the defendants made a "prima facie case for removal pursuant to CAFA's mass action provisions because the aggregated claims are worth more than $5,000,000."[84] The court then placed the burden on the plaintiffs to identify the individual claims that must be remanded because they fall below the $75,000 threshold.[85]

The Court agrees with this interpretation of the statutory provisions. Plaintiffs must identify which claims of individual plaintiffs, if any, should be remanded because the plaintiff fails to meet the individual amount-in-controversy requirement. The Court will allow Defendants to conduct jurisdictional discovery through August 10, 2016, and will give the parties an opportunity to provide supplemental briefing on this issue.

## II.   Does an Exception or Exclusion to CAFA Apply?

### A.  *The Local Single Event Exclusion*

Plaintiffs argue this case is not a "mass action" under CAFA because of the local single event exclusion.[86] This exclusion provides: "the term 'mass action' shall not include any civil action in which . . . all of the claims in the action arise from an event or occurrence in the State in which the action was filed, and that allegedly resulted in injuries in that State or in States contiguous to that State."[87]

The parties dispute who has the burden to establish the applicability or inapplicability of the exclusion.[88] In *Rainbow Gun Club, Inc. v. Denbury Onshore, L.L.C.*,

---

[84] *See Hamilton*, 2008 WL 8148619, at *8.

[85] *Id.* ("Plaintiffs have the burden of identifying individual claims that must be remanded because they fall below the $75,000 threshold specified in § 1332(d)(11)(B)(i). As Plaintiffs have identified no specific claim that falls below this amount, no remand is warranted on these grounds at the present time.").

[86] R. Doc. 30-1 at 13–16. *See generally Rainbow Gun Club*, 760 F.3d at 408.

[87] 28 U.S.C. § 1332(d)(11)(B)(ii)(I).

[88] *See* R. Doc. 30-1 at 13; R. Doc. 35 at 9; R. Doc. 36 at 9.

the Fifth Circuit suggested, without deciding, that the party seeking remand must establish the applicability of the exclusion:

> The parties briefly dispute who has the burden of demonstrating the applicability or inapplicability of the [local single event] exclusion. Generally, the party seeking removal has the burden of proving that the provisions of CAFA are satisfied. The party seeking remand, however, has the burden of proving the applicability of any exceptions to CAFA jurisdiction. Because it does not affect the outcome, and because the parties have presented no argument on this issue other than summary assertions, we decline to address this dispute.[89]

Other courts in this district have determined that a plaintiff seeking remand bears the burden of establishing the applicability of the local single event exclusion.[90] In accordance with the courts that have addressed this issue, the Court finds Plaintiffs bear the burden of establishing the applicability of this exclusion.

The local single event exclusion applies to a single event or occurrence but one that "need not be confined to a moment in time."[91] In *Rainbow Gun Club*, the plaintiffs— several individuals, groups, and trusts—entered into leases with the defendant allowing the defendant to explore for oil, gas, and minerals. The plaintiffs argued the defendant's pattern of negligence led to the failure of a well. The court concluded the district court lacked jurisdiction because the defendant's pattern of negligent acts was an "event or occurrence" under the CAFA exclusion. The Fifth Circuit explained that an event or occurrence under the exclusion can include a pattern of conduct "in which the pattern is

---

[89] *Rainbow Gun Club*, 760 F.3d at 409 n.3 (citations omitted).

[90] *See, e.g., Hamilton*, 2008 WL 8148619, at *8 ("Because the 'local occurrence rule' is an exception to CAFA's mass action jurisdictional provisions, Plaintiffs have the burden of proof on the issue.") (citing *Frazier v. Pioneer Americas, L.L.C.*, 455 F.3d 542, 546 (5th Cir. 2006) ("Here, longstanding § 1441(a) doctrine placing the burden on plaintiffs to show exceptions to jurisdiction buttresses the clear congressional intent to do the same with CAFA. This result is supported by the reality that plaintiffs are better positioned than defendants to carry this burden. . . . We hold that plaintiffs have the burden to show the applicability of the §§ 1332(d)(3)–(5) exceptions when jurisdiction turns on their application.")); *Greco*, 992 F. Supp. 2d at 701 ("Plaintiffs bear the burden of proving the applicability of this [event or occurrence] jurisdictional exception.").

[91] *Rainbow Gun Club*, 760 F.3d at 409.

consistent in leading to a single focused event that culminates in the basis of the asserted liability."[92] The court further explained that "there was an ongoing pattern of conduct that was contextually connected, which when completed created one event consistent with the ordinary understanding and the legislative history of the exclusion."[93] Thus, the failure of the well, a single event or occurrence, "resulted from a number of individual negligent acts related to each other, all of which came together to culminate in the single event."[94]

In addition to *Rainbow Gun Club*, Plaintiffs rely on *Armstead v. Multi-Chem Group, L.L.C.*, in which the Western District of Louisiana found that the underlying single event precluded the action from constituting a "mass action" under CAFA.[95] The plaintiffs in *Armstead* alleged an explosion and fire led to the release of hazardous fumes that penetrated nearby neighborhoods.[96] In concluding the exclusion applied, the court noted, "[A]ll injuries alleged . . . were incurred in, and resulted from, personal and property exposure to the hazardous fumes released . . . as a result of that *one* explosion and fire."[97]

In this case, Plaintiffs argue the alleged injuries resulted from pipe-cleaning operations conducted over 34 years by several different defendants.[98] Unlike in *Rainbow Gun Club* and *Armstead*, Plaintiffs do not allege the operations culminated in one single event that led to Plaintiffs' injuries. Instead, they allege, for example, the landowners maintained an attractive nuisance, failed to timely warn Plaintiffs that there were radioactive materials on the property, and failed to prevent Plaintiffs from using the

---

[92] *Id.* at 412.
[93] *Id.* at 413.
[94] *Id. See also Allen v. Boeing Co.*, 784 F.3d 625, 633 (9th Cir. 2015) (analyzing and applying the Fifth Circuit's decision in *Rainbow Gun Club*); *Armstead v. Multi-Chem Group, L.L.C.*, 2012 WL 1866862, at *7–8 (W.D. La. May 21, 2012) (concluding that injuries allegedly suffered from exposure to hazardous fumes resulted from a "singular injury-producing incident," an explosion and fire).
[95] R. Doc. 30-1 at 15–16; *Armstead*, 2012 WL 1866862, at *9.
[96] *Armstead*, 2012 WL 1866862, at *9.
[97] *Id.* (emphasis added).
[98] R. Doc. 1-1 at ¶¶ 5, 8, 10.

property for recreation and farming.[99] Plaintiffs allege the oil companies failed to properly supervise the operations of the pipe contractors, failed to test their pipe for hazardous materials, failed to remediate the property, and acted carelessly and negligently.[100] Plaintiffs also allege that, among other claims, the pipe contractors failed to clean up contaminated soil and water, failed to properly test pipes for radiation, and failed to warn Plaintiffs of radioactive materials.[101] Yet nothing in the petition, motion to remand, or reply memorandum suggests that a single event led to the injuries alleged, and Defendants maintain that no such single event occurred. Indeed, the Grefers note that the alleged conduct is not a single even or occurrence because the allegations involve the operations of five different pipe-cleaning defendants cleaning pipe for nineteen different oil companies at various locations on separate properties owned by three different landowners over the course of 34 years.[102] The Court finds the local single event exclusion does not apply to this case.

### B.  The Local Controversy Exception

Plaintiffs argue the local controversy exception applies and as a result the Court lacks jurisdiction over this matter.[103]

The local controversy exception, found in 28 U.S.C. § 1332(d)(4)(A), applies when an action meets four requirements: (1) more than two-thirds of the class members are citizens of the state in which the action was originally filed; (2) at least one defendant from whom "significant relief" is sought and whose conduct is a "significant basis" for the claims is a citizen of the state in which the action was originally filed; (3) the principal

---

[99] *See* R. Doc. 1-1 at ¶ 26.
[100] *See id.* at ¶ 30.
[101] *See id.* at ¶ 34.
[102] R. Doc. 36 at 4–5.
[103] R. Doc. 30-1 at 8–9.

injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the state in which the action was originally filed; and (4) in the three-year period preceding the filing of the class or mass action, no other class action has been filed "asserting the same or similar factual allegations against any of the defendants" on behalf of any person.[104] To establish the local controversy exception applies, Plaintiffs have the burden of showing the four prongs are satisfied.[105] "[T]he exception is intended to be narrow, with all doubts resolved in favor of exercising jurisdiction over the case."[106]

       1.  Whether more than two-thirds of the class members are citizens of Louisiana.

Plaintiffs maintain that "[g]reater than two-thirds of the Plaintiffs are citizens of Louisiana."[107] Plaintiffs, however, fail to allege or provide the state of citizenship or domicile of each plaintiff. Plaintiffs attach to their motion to remand an affidavit from the class action manager at Ates Law Firm that says of the 190 claimants,[108] "147 currently live in Louisiana; 27 are deceased; however I have confirmed that their residence at the time of their deaths was in Louisiana" and the remaining 16 Plaintiffs live in states other than Louisiana.[109] Plaintiffs also provide the current addresses of each plaintiff in their answers to Defendants' interrogatories.[110] Nevertheless, Section 1332 provides for jurisdiction over actions between "*citizens* of different states."[111] An allegation that a party is a "resident" of a particular state is insufficient because Section 1332 "demands diverse

---

[104] *See* 28 U.S.C. § 1332(d)(4)(A).

[105] *Opelousas Gen. Hosp. Auth. v. FairPay Sols., Inc.*, 655 F.3d 358, 360 (5th Cir. 2011) ("The plaintiffs bear the burden of establishing that they fall within CAFA's local controversy exception.").

[106] *Id.* (internal quotation marks omitted).

[107] R. Doc. 30-1 at 20–22.

[108] Note that while Plaintiffs consistently mention that there are 190 claimants, Defendants consistently mention that there are 191. CM/ECF reflects that there are 191 Plaintiffs. Regardless, the difference does not affect the analysis.

[109] R. Doc. 30-5 at 2.

[110] *See* R. Doc. 36-1 at 4–18.

[111] 28 U.S.C. § 1332 (emphasis added).

citizenship, not diverse residency."[112] Accordingly, Plaintiffs have failed to meet their burden under the first prong of the local controversy exception.

    2.   Whether at least one defendant from whom "significant relief" is sought and whose conduct is a "significant basis" for the claims is a citizen of Louisiana.

To satisfy the second prong of the local controversy exception, Plaintiffs need not provide a "definitive analysis of the measure of damages caused by each defendant," but they must provide "detailed allegations or extrinsic evidence detailing the local defendant's conduct in relation to the out-of-state defendants."[113] Nevertheless, Plaintiffs fail to even identify which defendant they argue satisfies this prong. Plaintiffs instead state, "Each of the named defendants have been involved in previous litigation over this incident and independently acted so as to form a significant basis for the claims asserted by the plaintiffs."[114] Plaintiffs provide no support for this statement in their motion to remand or reply, and Plaintiffs also fail to provide evidence that these "significant defendants" are citizens of Louisiana, where the action was originally filed. Accordingly, Plaintiffs have failed to satisfy the second prong of the exception.

    3.  Whether the principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in Louisiana.

Plaintiffs have satisfied the third prong of the exception, as the principal injuries resulting from the alleged conduct of each defendant were incurred in Louisiana.[115] Plaintiffs allege the injuries for which they seek redress resulted from contamination of property in Harvey, Louisiana,[116] and Plaintiffs' answers to Defendants' interrogatories

---

[112] *Nadler*, 764 F.2d at 413.
[113] *Opelousas General Hosp.*, 665 F.3d at 363.
[114] R. Doc. 30-1 at 26.
[115] *See* R. Doc. 36-1 at 4–18.
[116] R. Doc. 1-1 at ¶ 5.A, ¶ 7.

support their allegation that the injuries were suffered in Louisiana.[117] Accordingly, the third prong is satisfied.

> 4. Whether any other class action has been filed in the three years preceding the filing of this mass action asserting the same or similar factual allegations against any of the defendants on behalf of any person.

Plaintiffs fail to satisfy the fourth prong, as a class action was filed asserting similar factual allegations against some of the same defendants during the three-year period preceding the filing of this action. In 2014, a class of about 465 plaintiffs filed a suit, *Bernard, et al., v. Gefer, et al.*, against at least ten of the same defendants in this case.[118] The plaintiffs in *Bernard* alleged personal injuries and property damages resulting from alleged exposure to naturally occurring radioactive material.[119] The case, which was removed to this district pursuant to CAFA, involved the same tract of land at issue in this case.[120] As a result, Plaintiffs have not satisfied the fourth prong of the local controversy exception.[121]

Because Plaintiffs have not satisfied three of the four prongs, Plaintiffs have failed to meet their burden of establishing the applicability of the local controversy exception.

### C.  The Home State Exception

Plaintiffs argue CAFA's home-state exception precludes the Court from exercising jurisdiction over this matter.[122]

---

[117] R. Doc. 36-1.
[118] *Bernard, et al. v. Grefer, et al.*, No. 14-887 R. Doc. 1-1 (E.D. La. April 16, 2014).
[119] *Id. See also Bernard v. Gefer*, 2015 WL 3485761 (E.D. La. June 2, 2015).
[120] *See Bernard*, No. 14-887 R.Doc. 1-1 at ¶ 10.
[121] *See generally Caruso v. Allstate Ins. Co.*, 469 F. Supp. 2d 364, 370–71 (E.D. La. 2007) ("Since [similar class actions] were filed during the three-year period before the instant action, their existence is fatal to plaintiffs' argument that this lawsuit falls under CAFA's 'local-controversy' exception.").
[122] R. Doc. 30-1 at 28–29.

The home state exception requires district courts to decline to exercise jurisdiction over an action in which "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed."[123] Plaintiffs bear the burden of showing the home state exception applies.[124]

As previously discussed, Plaintiffs fail to establish the citizenship of each plaintiff. Even if Plaintiffs were to establish that at least two-thirds of the plaintiffs are citizens of Louisiana, they nevertheless have not demonstrated the applicability of this exception. Plaintiffs argue the Grefers, both of whom are citizens of Louisiana, are "included in the group of 'primary defendants.'"[125] While that may be true, Plaintiffs fail to show that the oil companies, which are foreign citizens, are not primary defendants.[126] Plaintiffs argue they have "no obligation to rank each individual defendant's liability against the other defendants and exclude some as 'primary' and others as 'non-primary.'"[127] Several courts have concluded, however, that under this exception all primary defendants must be citizens of the state in which the action was originally filed.[128] Plaintiffs have the burden of proving by a preponderance of the evidence that the home state exception to CAFA jurisdiction applies[129]; accordingly, Plaintiffs must establish that all primary defendants

---

[123] 28 U.S.C. § 1332(d)(4)(B).

[124] *Hollinger*, 654 F.3d at 571.

[125] R. Doc. 30-1 at 28.

[126] In the Petition for Damages, Plaintiffs allege the following, indicating that the oil companies may be primary defendants: "These acts and/or omissions of the Oil Companies are a substantial, contributing cause of the Petitioners' injuries and damages. These acts and/or omissions, therefore, are a direct cause of the injuries, damages, and losses suffered by the Petitioners." R. Doc. 1-1 at ¶ 32.

[127] R. Doc. 30-1 at 29.

[128] *See Rasberry v. Capitol Cnty. Mut. Fire. Ins. Co.*, 609 F. Supp. 2d 594, 606 (E.D. Tex. 2009)) (noting that "*all* primary defendants must be citizens of the state in which the action was originally filed") (emphasis in original); *DeHart*, 2010 WL 231744, at *13 (same); *Vodenichar v. Halcon Energy Properties, Inc.*, 733 F.3d 497, 506 (3d Cir. 2013) ("[B]y using the word 'the' before the words 'primary defendants' rather than the word 'a,' the statute requires remand under the home state exception only if all primary defendants are citizens of [the state in which the action was originally filed].").

[129] *Hollinger*, 654 F.3d at 570–71.

are citizens of Louisiana. Because Plaintiffs have failed to do so, the home state exception does not divest this Court of jurisdiction.

III.    Are Plaintiffs Entitled to Costs and Attorney Fees?

Plaintiffs seek costs and attorney's fees incurred as a result of the removal pursuant to 28 U.S.C. § 1447(c).[130] The Supreme Court held in *Martin v. Franklin Capital Corp.*, that "absent unusual circumstances, attorney's fees should not be awarded [under § 1447(c)] when the removing party has an objectively reasonable basis for removal."[131] In applying this holding, the Fifth Circuit noted that § 1447 does not have a strong preference for or against fee awards.[132]

The Fifth Circuit in *Admiral Insurance Co. v. Abshire* found the defendants' removal may have been objectively unreasonable.[133] The court noted there was some evidence in the record that the defendants removed with the purpose of prolonging the litigation and imposing costs on the plaintiffs.[134] Nevertheless, the court determined that "it is equally true that, given the complexity of the instant commencement question, an award of fees might undermin[e] Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied."[135] Consequently, the court affirmed the district court's decision to decline to award attorney's fees under § 1447(c).[136]

---

[130] *See* R. Doc. 30-1 at 29–31.
[131] *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005).
[132] *Admiral Ins. Co. v. Abshire*, 574 F.3d 267, 280 (5th Cir. 2009).
[133] *See id.*
[134] *Id.*
[135] *Id.* (internal citations and quotations omitted).
[136] *Id.* at 281.

The removal in this case was objectively reasonable, and the Court denies the motion to remand. Awarding Plaintiffs costs and attorney's fees under § 1447(c) would be improper. Accordingly, Plaintiffs' request for costs and attorney's fees is denied.

## CONCLUSION

For the foregoing reasons;

**IT IS ORDERED** that Plaintiffs' Motion to Remand[137] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs have until **August 22, 2016**, to file a supplemental memorandum identifying individual plaintiffs whose claims must be remanded because they do not exceed the $75,000 individual amount-in-controversy requirement. Defendants have until **September 5, 2016**, to file a response to Plaintiffs' supplemental memorandum. The parties may conduct jurisdictional discovery through **August 10, 2016**, related to this issue.

**IT IS FURTHER ORDERED** that Plaintiffs' request for costs and attorney fees pursuant to 28 U.S.C. § 1447(c) is **DENIED**.

**New Orleans, Louisiana, this 8th day of July, 2016.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[137] R. Doc. 30.

24